HOLLIPETER-SHONYO & CO., Respondent, v. TRUMAN MAXWELL, Appellant.

Springfield Court of Appeals, August 10, 1920.

1. **CHATTEL MORTGAGES: Mortgagee, Not Recording Lien in New Jurisdiction, Not Entitled to Recover Against Innocent Purchaser.** Where mortgagee in other State knew that mortgaged automobile was being brought into Missouri, or consented that automobile be moved into this State, or after it was so moved acquiesced therein, and took no steps to follow automobile into Missouri, or to file or record his lien therein, and permitted the rights of innocent third persons to attach in this State, it could not recover automobile as against such innocent third persons.

2. **APPEAL AND ERROR: Finding Conclusive, if Authorized by Evidence.** Finding of court is conclusive, if there is any evidence to authorize it.

3. **EVIDENCE: Judicial Notice Not Taken of Statutes or Decisions of Other States.** The courts of Missouri will not take judicial notice of a statute or decision of a sister State, and a party who relies on such foreign statute or decision must establish it like any other fact.

4. ————: **Judicial Notice of Foreign Statutes Not Taken to Save Note From Taint of Usury.** The statutes of other States, invoked to save ten per cent notes from taint of usury, under Revised Statutes 1909, section 7184, must be proved, since the courts of Missouri will not take judicial notice thereof.

Appeal from Circuit Court of Pemiscot County.—*Hon. Sterling H. McCarty,* Judge.

REVERSED AND REMANDED.

*Mayes & Gossom* and *H. E. Doerner* for appellant.

(1) Where a chattel mortgage is properly executed and recorded in another State according to the laws of such State, the same will held valid in this State against creditors and purchasers in good faith, unless the property mortgaged is removed into this State with the knowledge or consent of the mortgagee, or unless the transaction contravenes the settled law or policy of the forum. G. E. Geiser Mfg. Co. v. Todd, 204 S. W. 287; Atwater v. Brokerage Co., 147 Mo. App. 449. (2) It is the settled law of Missouri that usury destroys the lien of a chattel mortgage, and a suit for the possession of mortgaged property cannot be maintained in this State under a mortgage securing a note drawing ten per cent interest. R. S. 1909, sec. 7184; Coleman v. Cole, 158 Mo. 253; Machine Co. v. Tomlin, 174 Mo. App. 512. (3) A mechanic has a lien for repair work on the vehicle repaired, except as against prior mortgages recorded in this State. Session Laws, 1915, p. 328, amended, Session Laws, 1917, p. 326. (4) The courts of this State will not enforce a contract made in another State when to do so would be injurious to a citizen of this State. Kerwin & Co. v. Doran, 29 Mo. App. 397; Thurston v. Rosenfield, 42 Mo. 474; Bryan v. Brisbin,

26 Mo. 423; 3 Current Law, p. 725, section 5; Snyder v. Yates, (Tenn.) 79 S. W. 796; Hughes v. Winkleman, 243 Mo. 92-3-4. (5) The courts of this State will not take judicial notice of a statute or decision of a sister State; but the same must be both pleaded and proved. Ham v. Railroad, 149 Mo. App. 200; Stakebake v. Railroad, 185 S. W. 1166; Madden v. Railroad, 192 S. W. 455; Thompson v. Railroad, 243 Mo. 349; Flato v. Mulhall, 72 Mo. 522.

*Ward & Reeves* for respondent.

(1) Appellant misconceives the law as applied to the enforcement of alleged usurious interest contracts. Our statutes concerning usury, have no application to contracts made in another State. The notes and chattel mortgage in question were executed in Arkansas, and the parties and property were located there. So the provision for ten per cent interest on the notes can be enforced in this State. Trower Bros. Co. v. Hamilton, 179 Mo. 205. (2) At common law a note drawing ten per cent interest was not usurious. As there was no evidence of the statutory law of Arkansas on this point, it will be presumed that the common law prevails there. Coy v. Railroad, 186 Mo. App. 408. (3) Before a mechanic can have a lien for repair work, the person doing the work "shall obtain a written memorandum of the material furnished, or to be furnished, and signed by the owner of such vehicle." Sec. 1, Laws 1915, p. 328. (4) The provision of the statute (Sec. 3, as amended, Laws 1917, p. 327), to the effect that the lien shall not take precedence over or be superior to chattel mortgages on the property filed and recorded in accordance with the laws of this State, has no application to a case where the property is mortgaged while located in another State by the owner to a person, both of whom reside in such other State. In other words, our recording statute has no extra-territorial operation, and will not be construed to apply to transactions between persons resident in another State, and where the property

is located, unless it is contemplated by the parties at the time of the execution of the mortgage that the property is to be removed into this State or unless the mortgagee consents to the removal thereof to this State. Smith v. Hutchings, 30 Mo. 380; Feurt v. Rowell, 62 Mo. 524; Bank v. Cassidy, 71 Mo. App. 186; Trower Bros. Co. v. Hamilton, 179 Mo. 205; National Bank of Commerce v. Morris, 114 Mo. 255; Geiser Mfg. Co. v. Todd, 204 S. W. (Mo. App.) 287; 11 C. J., p. 424. (5) "The law presumes, until the contrary is shown, that every officer performs his duties. It also presumes that everyone, even though not an official, performs his engagements and duties, social as well as business." McCallister v. Ross, 155 Mo. 94; Hartwell v. Parks, 240 Mo. 537; Dudley v. Clark, 255 Mo. 588-589. (6) A case will not be reversed because of technical errors, nor when it is apparent from the whole record that the result of another trial must be the same as the previous trial. Sections 2082 and 2120, R. S. 1909; Ivy v. Yancey, 129 Mo. 501; Cross v. Gould, 131 Mo. App. 593; McDermott v. Claas, 104 Mo. 14; Bragg v. Street Railway, 192 Mo. 357; Conley v. Doyle, 50 Mo. 234.

BRADLEY, J.—This cause is in replevin to recover a Ford automobile. The cause was tried before the court, and judgment went for plaintiff, and defendant prosecutes this appeal.

Plaintiff claims the right to possession under and by virtue of a chattel mortgage executed by one Dunbar at Blytheville, Arkansas, on August 31, 1918. Plaintiff sold Dunbar the automobile, and took back the mortgage to secure $250 of the purchase price. The mortgage was recorded in Mississippi county, Arkansas, where both the mortgager and mortgagee resided, and where the property was situated at the time. The mortgage secured five notes of $50 each, dated August 31, 1918, and due September 30th, October 31st, November 30th, December 31st, and January 31st after date. Mortgagor had paid a part of these notes, and the court in its judgment fixed plaintiff's interest in the automobile at $123.85, and found the remaining interest belonged to

defendant. Defendant claimed ownership as the vendee of the purchaser at an execution sale resulting from proceedings in a justice of the peace court against Dunbar.

One Fowler was engaged in the garage business at Cooter in Pemiscot county, Missouri. Dunbar's home was at Burdette in Mississippi county, Arkansas. In November, 1918, Dunbar left the automobile in Fowler's garage to be repaired, and Fowler did some work on it, February 20, 1919, Fowler sold his garage to Block & Davis, and transferred by the bill of sale all of his accounts for work on cars. Dunbar directed Block & Davis to repair the car, and they did so. Dunbar failed to pay the bill for repairs amounting to $81, and Block & Davis kept the car until a $20 storage bill accrued, making a total bill of $101. On May 29, 1919, Block & Davis instituted, in a justice of the peace court, proceedings against Dunbar to recover on their account, and asked that the judgment prayed for be made a lien on the car for the repairs. Personal service was had on Dunbar, but he defaulted and judgment went against him for $100, and was made a lien on the car. Under an execution the constable sold the car to Block & Davis, and they sold to defendant.

Plaintiff did not know that the car was in Missouri until the early spring of 1919. When plaintiff found out that the car was at Cooter, Missouri, in a garage with a repair bill against it, its vice-president sent for Dunbar who came in. The vice-president then gave Dunbar $58 in money to pay the repair bill, and directed him to get the car and return it to Arkansas, and then dismissed the matter from his mind, he says. A few months later this witness, the vice-president, learned that Dunbar had paid nothing on the repair bill, had not returned the car to Arkansas, and that the car was about to be sold in Missouri for the repair bill. This witness then went up in Missouri a day or so before the sale, but no agreement could be reached, and nothing was done towards paying the repair bill, and the car was sold as stated. July 19, 1919, plaintiff brought this suit to recover the automobile.

The controlling question on the merits of this case is whether plaintiff in effect knew or consented or acquiesced in the removal of this automobile from Arkansas to Missouri. Plaintiff relies upon the rule of comity. The greater weight of authority as affecting chattel mortgages is to be the effect that such mortgage properly executed and recorded according to the law of the place where executed and the property is located, will, if valid there, be held valid even as against creditors and purchasers in good faith in another State to which the property is removed by the mortgagor, unless the State to which the property is removed has some statute to the contrary, or unless to hold such mortgage valid would contravene some settled policy of the State to which such property is removed. [11 C. J., p. 424.] In Geiser Mfg. Co. v. Todd, 204 S. W. 287, we stated the law thus: "The greater weight of authority is to the effect that the grace of comity should not be extended to cases where the mortgagee consents for the mortgaged property to be moved from its *situs* when mortgaged, to a foreign jurisdiction, and rights of innocent third parties attach before the mortgagee makes any effort to comply with the laws of the judisdiction to which the property has been removed as to the recording of his lien in that jurisdiction. In such case it is the negligence of the mortgagee in the first instance in consenting to the removal of the mortgaged chattel, and after rights of third parties have accrued the mortgagee should not be permitted to say his lien is superior. By giving his consent for the removal of the mortgaged property he places within the power of the mortgagor the opportunity to defraud innocent purchasers and lienors. The mortgagee could refuse consent to move the property, or, if he consents, he could record his mortgage in the other jurisdiction. This seems to square with substantial justice, and we think is the general rule."

In that case some of the authorities are cited and quoted, and we shall not here enter into an extended discussion of the same question. We are satisfied with

out statement of the law there, and adhere to it. If, therefore, plaintiff knew that this car was brought to Missouri or consented that it be brought here, or after it was brought here plaintiff acquiesced therein, and took no steps to follow the property into this jurisdiction and file or record his lien here, and permitted the rights of innocent third persons in this State to attach, it ought not to recover.

The question as to plaintiff's consent, knowledge, etc., might be considered as settled by the finding of the court against defendant, if the court had any evidence before it authorizing a finding that plaintiff's mortgage was properly executed and recorded according to the laws of Arkansas. Plaintiff did not introduce in evidence the statute of Arkansas affecting the execution and recording of chattel mortgages. The courts of this State will not take judicial notice of a statute or decision of a sister State and if a party is relying upon such foreign statute or decision, it must be established like any other fact. [Schroeder v. Edwards, 267 Mo. 459, 184 S. W. 108; Otto v. Pryor et al., 193 S. W. 28.]

The notes secured by plaintiff's mortgage drew ten per cent interest, and defendant invoked, or attempted to, section 7184, Revised Statutes 1909, urging that under our statute the notes were usurious, and that for that reason the mortgage lien was invalid. Plaintiff says that the laws of Arkansas authorize ten per cent. This may be true, but such challenged fact should be established, and what we have said already about the proof, when relied on, of laws and decisions of a foreign State, is applicable here. Plaintiff cannot rely on the grace of comity between the States, and then rely on the grace of the court to establish the existence of the foreign laws relied on.

The cause should be reversed and remanded and it is so ordered. *Sturgis, P. J.,* and *Farrington, J.,* concur.