## In re PEAIRS LYNCH STONE CO.

### No. 17197.

### District Court, W. D. Missouri, W. D.

### July 14, 1942.

Clifford Kimberly (of Milligan, Kimberly & Deacy), of Kansas City, Mo., for Eagle Ind. Co. of New York.

D. D. Panich and J. W. House (of House, Moses & Holmes), all of Little Rock, Ark., for intervenor, O. B. Robbins.

Frank Barker, of Kansas City, Mo., for trustee.

REEVES, District Judge.

From an order of the referee denying a lien in favor of the vendor in a conditional sales contract, the vendor, as an intervenor, has petitioned for a review.

In June, 1941, the vendor contracted to sell a rock crusher to the bankrupt. This transaction was in the state of Arkansas, where the vendor resided and where the property was then located. The vendee, however, was a resident of Missouri. The property was delivered at the time, to .the vendee in the state of Arkansas and immediately thereafter removed to the state of Nebraska, where the vendee undertook to carry out a contract involving the use of

the crusher. The vendor knew or soon learned of the removal of the property from the state of Arkansas to the state of Nebraska.

Under the laws of Arkansas recordation was not required for a conditional sales contract. Under the laws of Nebraska such recordation was and is required. During the operations of the bankrupt with the property in Nebraska a large amount of debts was contracted to sundry creditors. Because of the importunity of creditors and its apparent insolvency, the vendee, on January 22, 1942, filed a voluntary petition in bankruptcy at the place of its residence, i. e., the Western Division of the Western District of Missouri, and was duly adjudicated. The trustee in bankruptcy took over the rock crusher covered by the conditional sales contract with other property in the possession of and surrendered by the bankrupt. The vendor in the conditional sales contract has intervened and by such intervention claims that he is entitled to have his lien enforced against the property and the amount of his claim paid out of the proceeds arising from the sale of the property now in the hands of the trustee. The referee upon the evidence found the foregoing to be the facts. Moreover, there was no substantial dispute on any facts save as to the date when the intervenor learned that the property had been moved to Nebraska. In the view hereinafter expressed this seems immaterial for the reason that the property was in Nebraska several months before bankruptcy intervened and after the vendor knew of its removal.

It is the contention of the intervenor that since no creditor had obtained a lien upon or against the property when bankruptcy intervened the trustee in bankruptcy cannot, under the law, assert such a lien as against the claim of this intervenor. Such contention will be noticed.

1. While under the law of Arkansas a conditional sales contract is valid as against all persons, even though unrecorded, yet under the laws of Nebraska an unrecorded conditional sales contract is invalid as against purchasers, judgment creditors and mortgagees of the vendee.

▉▉ In this case admittedly the vendee had possession of the property in question during the time of its operations in Nebraska. In such situation the law of Nebraska prevailed as was well expressed in the case of United Const. Co. v. Milam, 124 F.2d 670, loc. cit. 671, where the Court of Appeals, Sixth Circuit, said: "In conflicts of laws between state jurisdictions, federal courts apply the local law of the forum. * * * Kentucky recognizes a foreign conditional sales contract as between the parties. Removal of the property from Illinois does not, in itself, divest the security of the vendor. Furthermore, the vendor is protected against creditors or purchasers for value without notice, if the removal was made without his knowledge or consent. * * * But the law of Kentucky is applied where the contract contemplates the removal of the property or the vendor consents or acquiesces thereto. * * * and it must be considered that knowledge of removal without diligence to comply with the local law of record, is equivalent to consent. * * *"

The same principle was enunciated in Hollipeter, Shonyo & Co. v. Maxwell, 205 Mo.App. 357, 224 S.W. 113. There is no contrariety of opinion on this subject.

2. The other question, and the one mainly discussed by counsel in their briefs, is the right of the trustee under the law in relation to the property of the bankrupt at the date of adjudication. Pertinent portions of paragraph c, Section 110, Title 11 U.S. C.A., are as follows: "The trustee, as to all property in the possession or under the control of the bankrupt at the date of bankruptcy * * * shall be deemed vested as of the date of bankruptcy with all the rights, remedies, and powers of a creditor then holding a lien thereon by legal or equitable proceedings, whether or not such a creditor actually exists."

This portion of the section does not need exposition or analysis. It means that the trustee had a lien on this particular property precisely as if he had a decree in an equitable proceeding, or a lien by reason of the levy of an execution on a judgment in a legal proceeding. The Congress was careful to say that such was the status and right of the trustee, "whether or not such a creditor actually exists." This was a right conferred by the Congress upon the trustee and such right did not spring from any existing rights of creditors. In order to emphasize the right the Congress said that it would exist even though no creditor represented by the trustee had in fact obtained a lien either by decree or levy of an execution.

▉▉ It would follow that, upon the admitted facts, the rights of the intervenor were ineffective in Nebraska and that his

994

liens ceased to operate as against creditors when the property was removed to Nebraska and permitted to remain there with his consent and without the recordation of his contract of conditional sale. Admittedly, it would have been invalid against the judgment or decree of any creditor who might have chosen to proceed against the property in Nebraska. The trustee by operation of law not only has the status of a judgment creditor but the status of a creditor where an execution has actually been levied upon the property or where a decree of a court of equity has directed a lien upon it.

3. The lien having been contracted more than four months before bankruptcy, it would have been a valid act for the intervenor to have filed for record in Nebraska his conditional sales contract within four months of bankruptcy. Section 107, Title 11 U.S.C.A. Counsel for intervenor contends otherwise.

The order of the referee was correct and should be confirmed. It will be so ordered.