CAPITOL STORES, INC. (Plaintiff), Respondent,

v.

STORMS–GREEN CONSTRUCTION COMPANY (Defendant), Appellant.

No. 30544.

St. Louis Court of Appeals.

Missouri.

May 16, 1961.

**550**

Donald B. Clark, Campbell & Clark, Kansas City, J. Richard Roberts, Roberts & Roberts, Farmington, for appellant.

Smith & Colson, David L. Colson, Farmington, for respondent.

RUDDY, Judge.

This is an action in replevin for the possession of tires, used on heavy earthmoving and excavating machines, sold by plaintiff, Capitol Stores, Inc., to Dale Bloom, who had assigned and transferred all of his right, title and interest in said tires to defendant, Storms-Green Construction Company, and Clark Construction Company. The trial court entered judgment in favor of plaintiff requiring defendant, Storms-Green Construction Company, to deliver possession of said tires to plaintiff and if delivery of said tires could not be made,

plaintiff was to recover and have judgment against said defendant for $5,100.95, the value of said tires, and damages in the sum of $106.75 for the taking and detention of said tires.

The cause as to the right of possession of the tires was tried by the court without a jury on an agreed statement of facts. After the court determined that plaintiff was entitled to recovery of possession of said tires from defendant, it received evidence as to the value of the tires sought to be replevined.

The agreed statement of facts is as follows:

"Now on this 15th day of October, 1950, come the parties hereto, Capitol Stores, Inc., by its attorney of record, David L. Colson, and Storms-Green Construction Company, defendant, by its attorneys of record, J. Richard Roberts and Donald B. Clark, and in open court stipulate and agree that this cause may be submitted to the court upon the following statements of facts:

"1. * * * Dale Bloom, commenced work on the highway project in St. Francois County, Missouri, in December of 1957, and left the project in October of 1959, the said project being in progress throughout said period of time.

"2. Upon the date in December of 1957 when * * * Dale Bloom, commenced work on the said highway project in St. Francois County, Missouri, he advised defendant, Storms-Green Construction Company, that all of his debts owed at said date had been consolidated in one loan from a Kansas bank, and at the request of * * * Dale Bloom, defendant, Storms-Green Construction Company, thereafter forwarded to the said Kansas bank the sums of money due * * * Dale Bloom, by reason of his work upon the said highway project.

"3. * * * Dale Bloom, purchased tires from plaintiff, Capitol Stores, Inc., subject to the instruments attached hereto, marked Exhibit A, and during the year 1958 some tires purchased by * * * Dale Bloom, from plaintiff, Capitol Stores, Inc., and listed on Exhibit A were shipped by plaintiff to * * * Dale Bloom, at the said highway project in Flat River, St. Francois County, Missouri.

"4. Exhibit A was recorded by plaintiff in Shawnee County, Kansas, within 30 days following the date thereof, Shawnee County, Kansas, being the county of purchase of the said tires.

"5. Exhibit A was not filed or recorded by plaintiff in any county or city within the State of Missouri.

"6. Prior to December 1, 1958, plaintiff, Capitol Stores, Inc., had actual knowledge of the fact that * * * Dale Bloom, had taken the tires purchased from plaintiff to St. Francois County, Missouri, and was engaged in work upon a highway project in said county and state.

"7. The instrument marked Exhibit B was executed by the parties and on the date as set out in the said exhibit, and the same was recorded on February 16, 1959, in St. Francois County, Missouri.

"8. Prior to executing Exhibit B on December 26, 1958, * * * Dale Bloom, furnished to defendant, Storms-Green Construction Company, invoices and other evidences of indebtedness which * * * Dale Bloom, represented to be a complete accounting of all indebtedness due and owing by him and incurred in the preparation for and work upon the said highway construction project in St. Francois County, Missouri. The indebtedness due Capitol Stores, Inc., by * * * Dale

Bloom, was not included in the said accounting.

"9. All of the tires in the possession of defendant, Storms-Green Construction Company, on May 7, 1959, the date of service upon defendant, Storms-Green Construction Company, by the Sheriff of St. Francois County, Missouri, of the writ of replevin herein, are still in the possession of defendant, Storms-Green Construction Company.

"10. Defendant, Storms-Green Construction Company, incurred the expense of an insurance premium in the amount of $260.00 for a re-delivery bond filed herein, and by reason of this action, and defendant, Storms-Green Construction, further incurred the expense of attorney fees in the defense of this replevin action."

Exhibit A, referred to in the agreed statement of facts, was a conditional sales agreement executed by Dale Bloom, and taken by plaintiff as security for payment of the unpaid balance due on the purchase price of the tires. As shown in the agreed statement of facts this conditional sales agreement was recorded by plaintiff in Shawnee County, Kansas, and was not filed or recorded by plaintiff in any county or city within the State of Missouri.

Exhibit B, referred to in the agreed statement of facts, was executed on December 26, 1958, by and between Storms-Green Construction Company and Clark Construction Company as parties of the first part and Dale Bloom as the second party. The agreement recited that the first parties had been awarded a contract by the Missouri State Highway Commission for the improvement of U. S. Route 67 through portions of St. Francois County, Missouri, and that the first parties had "sublet certain parts of said contract" to Dale Bloom on November 23, 1957.

It was further recited in said agreement that the contract between the Missouri State Highway Commission and first parties

provided for substantial penalties if the contract was not performed within a specified period of time; that Dale Bloom was "behind on his part of the sub-contract and is owing various obligations incurred upon the contract which he is unable to pay at this time and for which First Parties may be liable under their bond to the State Highway Commission" and "in order to avoid any greater loss than necessary in having that part of sub-contract awarded to Second Party completed," the parties entered into an agreement, the pertinent parts of which are as follows:

"* * * Now, Therefore, for and in consideration of the mutual benefits to be derived by each of the parties hereto, and in consideration of the others executing this agreement, it is hereby mutually agreed between the parties:

"1. Effective December 26, 1958 First Parties shall take over and complete all of that part of the aforesaid contract which was awarded to Second Party, and Second Party agrees that First Parties shall have the exclusive jurisdiction in completing said contract.

"2. First Parties agree to assume and pay all bills incurred by Second Party in performing the work which he has already performed on this contract and for which First Parties would be liable on their bond to the State Highway Commission.

"3. Second Party hereby sells, assigns and transfers all right, title, interest or equity in and to all construction equipment, parts, supplies or other merchandise which he now has on the job."

Thereafter, said agreement provided that the first parties would hire the second party to perform work on the job at a salary of $150 per week so long as his services were satisfactory to the first parties. It was further provided in said agreement that at the completion of the contract sublet to Dale Bloom there would be a final accounting between the first parties and Dale Bloom. The details of this provision are not pertinent to any issues raised by the parties and for this reason are omitted.

Defendant relies on a number of points for reversal of the trial court's judgment. In view of our ultimate holding, we need only discuss one of the points relied on by said defendant. It is the contention of defendant that it is beyond question that plaintiff had knowledge of, acquiesced and assisted in the removal of the tires to the State of Missouri. Under the circumstances, it contends that plaintiff had to file or record its security instrument at the location to which the property had been removed in order for it to have priority rights over third parties who assert title or subsequent lien over the property in question.

We said in the case of Wisdom v. Keithley, 237 Mo.App. 76, 167 S.W.2d 450, loc. cit. 456, that:

"The great weight of authority, with which Missouri is in full accord, is that a chattel mortgage, properly executed and recorded according to the law of the state where the mortgage is executed and the property is located, will, if valid in such state, be likewise held valid as against existing creditors and subsequent purchasers in another state to which the property may be permanently removed by the mortgagor *without the mortgagee's consent*, unless the mortgage or transaction is of a character to contravene some statute or the settled law or policy of the forum. The matter is one reposing in the principle of comity between states; and it is under such principle that the mortgage will be given effect in the state to which the property is removed. (Cases cited)." (Emphasis ours.)

The important question that determines the right of plaintiff to recover is whether it consented to the removal of the tires to the State of Missouri.

■ The Stipulated Facts show that plaintiff had actual knowledge that Dale Bloom was engaged in work on the highway project in Missouri and had taken some of the tires purchased by him to the highway project. As to these tires, plaintiff impliedly consented to their removal from Kansas to the State of Missouri. The other tires, making up the account due plaintiff, were shipped by plaintiff to Dale Bloom at the highway project in Missouri. Plaintiff, having shipped some of the tires into Missouri and having consented to the removal of the other tires to this state, is thereby subject to the laws of the State of Missouri.

The principle of comity, which protects the lien of the security instrument after the property is removed from the jurisdiction where the instrument was executed, is not extended to cases where the holder of the security instrument consents to the removal of the property. There is ample supporting authority for this rule in this state and in other jurisdictions.

In the case of Geiser Manufacturing Co. v. Todd, Mo.App., 204 S.W. 287, loc. cit. 289, the court examined the authorities and cases of other jurisdictions and then ruled that:

"The greater weight of authority is to the effect that the grace of comity should not be extended to cases where the mortgagee consents for the mortgaged property to be moved from its situs when mortgaged, to a foreign jurisdiction, and rights of innocent third parties attach before the mortgagee makes any effort to comply with the laws of the jurisdiction to which the property has been removed as to the recording of his lien in that jurisdiction. In such case it is the negligence of the mortgagee in the first instance in consenting to the removal of the mortgaged chattel, and, after rights of third parties have accrued the mortgagee should not be permitted to say his lien is superior. By giving his consent for

the removal of the mortgaged property he places within the power of the mortgagor the opportunity to defraud innocent purchasers and lienors. The mortgagee could refuse consent to move the property, or, if he consents, he could record his mortgage in the other jurisdiction. This seems to square with substantial justice, and we think is the general rule. Newsum v. Hoffman, 124 Tenn. 369, 137 S.W. 490; Jones on Chattel Mortgages (5th Ed.) § 260a; Jones v. Fish Co., supra [Jones v. North Pacific Fish & Oil Co., 42 Wash. 332, 84 P. 1122, 6 L.R.A.,N.S., 940]; 11 C.J. 425; Armitage-Herschell Co. et al. v. Potter, 93 Ill.App. 602; Kanaga v. Taylor, 7 Ohio St. 134, 70 Am.Dec. 62; Anderson v. Doak, 32 N.C. 295; Greene v. Bentley, [5 Cir.] 114 Fed. 112, 52 C.C.A. 60; Pennington County Bank v. Banman [Bauman], 87 Neb. 25, 126 N.W. 654."

The rule announced in the Geiser case, supra, was applied in Hollipeter, Shonyo & Co. v. Maxwell, 205 Mo.App. 357, 224 S.W. 113, and Adamson v. Fogelstrom, 221 Mo. App. 1243, 300 S.W. 841.

In the case of Wisdom v. Keithley, supra, we stated that the rule followed in the Geiser case should be applied where the property was removed to another jurisdiction with the consent of the mortgagee.

Applying the rule to the uncontroverted facts in the instant case, which show that plaintiff's security instrument was not recorded or filed at the location to which the tires had been removed, defendant has a superior right to possession of the tires in question if its security instrument was supported by a valuable consideration and defendant was without notice of plaintiff's lien.

■ We are aware that the security instrument held by plaintiff is a conditional sales agreement and not a chattel mortgage. In addition, we are aware that the authorities previously cited and applied by us

had under consideration chattel mortgages and not conditional sales agreements. However, we have held that where the parties in a conditional sales agreement contemplated the removal of the property to another state, they will be held to have intended to contract with reference to the law of the second state. Auffenberg Lincoln-Mercury, Inc. v. Wallace, Mo.App., 318 S.W.2d 528, and Memphis Bank & Trust Co. v. West, Mo.App., 260 S.W.2d 866.

We have found that plaintiff consented to the removal of the tires from Kansas to Missouri, therefore, its conditional sales agreement will be governed by the law of this state. Section 428.100 RSMo 1949, 22 V.A.M.S., provides that conditional sales contracts "shall be void as to all subsequent purchasers in good faith, and creditors, unless such condition shall be evidenced by writing executed, acknowledged and recorded as provided in cases of mortgages of personal property."

Plaintiff's conditional sales agreement was not recorded in any county or city within this state and, therefore, is void as to defendant's security instrument.

Plaintiff contends that to constitute a bona fide purchase three elements are necessary: good faith, a valuable consideration and absence of notice, citing Allaben v. Shelbourne, 357 Mo. 1205, 212 S.W.2d 719. It is the contention of plaintiff that these three elements are not present in defendant's transaction with Dale Bloom. Assuming that these three elements are necessary to the validity of Exhibit B, we find them all present when the stipulated facts and Exhibit B are examined.

The basis of plaintiff's claim of lack of consideration is that Exhibit B shows on its face that it is executory, insofar as it relates to payment for the tires. We do not follow plaintiff's argument in this respect. There is nothing in Exhibit B that supports this contention. All of the equipment was sold, assigned and transferred by Dale Bloom to defendant and no separate

treatment, insofar as payment was concerned, was accorded the tires transferred. The tires were on and a part of the construction equipment transferred. This may be inferred from the stipulated facts and and it was admitted by John Gibbons, a representative of plaintiff, when testifying as to the value of the tires, that the tires were mounted on the equipment and were in use when he saw them. The provision in Exhibit B whereby defendant agreed to pay all bills incurred by Dale Bloom on work previously performed and to take over and complete the sub-contract was the consideration for the transfer of the tires and all construction equipment. There is no contention on the part of plaintiff that defendant did not comply with its agreement in this respect. In this connection it is admitted that Dale Bloom did not include his indebtedness to plaintiff in his evidences of indebtedness exhibited to defendant when Exhibit B was executed. This contention of plaintiff is without merit.

Plaintiff further contends that defendant should have been put on notice that Dale Bloom did not have legal title to the tires. A close examination of the stipulated facts and Exhibit B discloses nothing that would warrant charging defendant with either actual or constructive notice of plaintiff's conditional sales agreement. We find nothing in the record on which to base notice of plaintiff's security instrument or lack of good faith on the part of defendant.

Plaintiff having consented to the removal of the tires to this state and having failed to record its conditional sales agreement in this state, as provided in cases of mortgages of personal property, is not entitled to the possession of the tires.

Defendant filed a counter-claim for alleged damages incurred by reason of plaintiff's replevin suit. The trial court in its judgment did not dispose of the counter-claim. The court should have ruled on it. However, its failure to do so is not fatal. Where the determination of the issue on which the judgment is based is

necessarily decisive of the whole case, such judgment is prima facie evidence that all the issues were found in favor of the party for whom the judgment is rendered. Staples v. Dent, Mo.App., 220 S.W.2d 791. Applying this to the instant case, the trial court's judgment carried along with it a finding against defendant's counter-claim.

The judgment of the trial court is reversed and the cause remanded with directions to enter judgment for defendant, Storms-Green Construction Company, on plaintiff's petition and for a hearing on said defendant's counter-claim.

ANDERSON, P. J., and WOLFE, J., concur.