### ST. LOUIS REALTY DEVELOPMENT CORPORATION, a Corporation, (Plaintiff) Respondent,

v.

### Maurice J. GORDON, a/k/a M. J. Gordon, (Defendant) Appellant.

No. 30838.

St. Louis Court of Appeals. Missouri.

Feb. 20, 1962.

Rehearing Denied March 19, 1962.

Francis M. O'Brien, St. Louis, for appellant.

Edward A. Dubinsky, St. Louis, for respondent.

WOLFE, Judge.

This is an action on a note. On the day of trial defendant defaulted in appearance. After inquiry as to the defendant's knowledge of the setting, the case was tried upon the evidence presented by the plaintiff. The court entered judgment for the plaintiff and against the defendant for the principal sum due on the note and the interest owing. The defendant thereafter filed a motion to set the judgment aside on the ground that the case was not set for trial in accordance with the rules of the Circuit Court for the Twenty-First Judicial Circuit, in which it was tried. The motion was overruled and the defendant appealed.

The suit was filed in the Circuit Court of the City of St. Louis on January 22, 1958. Upon motion of the defendant for a change of venue, it was transferred to the Circuit Court of St. Louis County, which is a multiple-judge court and constitutes the Twenty-First Judicial Circuit. The court has an Assignment Division in which cases are set and called for trial. From this division they are assigned to trial divisions. After several settings the case was set on October 31, 1960, at which time it was passed to November 2. It was then continued "to be reset". On November 23, the Judge of the Assignment Division entered an order which reads: "Cause reset for November 28 at 9:30". On November 28 the case was assigned to Division Three for trial.

When the case arrived in Division Three it was called by the Judge, and the attorney for the plaintiff announced ready. The Judge then remarked that no one was present to represent the defendant. He asked the Chief Clerk for the Assignment Division, who was then present in Division Three, about the absence of the defendant. The Clerk informed the court that on the setting of October 31, Mr. Gordon, the defendant, who is also a lawyer, claimed that he was ill and that the case was passed at that time to Wednesday, November 2. On that date no trial divisions were free to accept the assignment of the case, and the Judge of the Assignment Division announced that the case would be passed to the first open docket in November.

A letter addressed to the Judge of the Assignment Division and dated November 8, was introduced in evidence. It was from Maurice J. Gordon, on the stationery of his law office. In this letter he stated that he had been informed by the Chief Clerk of the Assignment Division that the case in question would be set on the 14th or the 28th of November. He went on to state in the letter that he would prefer a December setting. A carbon copy of a letter mailed by plaintiff's attorney to Mr. Gordon and to his attorney, Mr. O'Brien, on November 23, was introduced in evidence. The letter informed them that the case was set for November 28, and that the plaintiff would be ready for trial. Plaintiff's attorney told the court that Mr. O'Brien had telephoned him after the receipt of the letter and told him that he knew of the setting and that he would phone him later "to discuss or negotiate the possibility of exploring disposition". Later Mr. O'Brien again phoned plaintiff's

counsel, and in neither conversation did he ever say that he would not be ready for trial.

■ The only point raised by the appellant goes to the meaning and force of Rule 19 adopted by the Circuit Court of St. Louis County, and in effect at the time the case was tried. It is therefore not necessary to set out the evidence heard by the court. No point is raised in relation to it. That portion of the rule which the appellant claims that the court violated is as follows:

"RULE 19. NOTICE OF TRIAL SETTINGS.

"A. APPROXIMATELY six weeks in advance of the date on which civil jury causes are set for trial the docket clerk will mail to the attorneys of record in each cause a double postal card advising said attorneys of the trial date and requesting that they return the reply portion of the postal card promptly with an indication thereon of whether or not they will be ready for trial on the date in question, the name of the trial attorney for each party, the number of days anticipated to try the cause, and whether or not out-of-town witnesses will be used.

"B. The trial calendar for each jury week will be published in 'The St. Louis Countian' approximately four weeks in advance of said jury week and will list the causes on said week's calendar in the order in which they will be called for assignment for trial. In addition, each week's trial calendar will be published in 'The St. Louis Countian' on the Saturday immediately prior to the jury week in question."

As his first point appellant asserts that under paragraph A of the rule, he was entitled to approximately six weeks' notice, in advance of the setting of November 28, with a postcard which he could return to indicate whether or not he would be ready for trial.

As his second point he stated that under paragraph B it was necessary to publish the setting of a case four weeks in advance of November 28.

He sets out five other points which may be summarized as stating that court rules should be enforced; that it is the duty of the court to enforce its rules; that the rules have the force of law; that they are for the benefit of the parties as well as the court; and his last point is that they apply to all persons alike.

The appellant makes no mention of Rule 18–B, which is as follows:

"The Assignment Judge on his own motion or by stipulation of counsel with the consent of the Court may place upon the trial calendar any cause at issue, whether listed for trial or not."

■ In the construction of the rules of court we consider all of the rules in relation to the subject with which they treat, and we look at them with regard for the purpose for which they were adopted. 21 C.J.S. Courts § 177, p. 282.

The rules were obviously drawn for an orderly disposition of cases on file, reserving the right in the court to set the cases over to a later date if they could not be reached in the week for which docketed for trial. It would be absurd to construe the rules to mean that if a case could not be tried during the week for which it was set, it could not be passed to the following week or later if trial time appeared available at the later date. Such a construction would mean that whenever a docketed case could not be reached for trial at the time set, it would have to be set at least four weeks later. This would of course needlessly impede the court in the disposition of cases awaiting trial. It would therefore be contrary to the purpose of the rule.

There is no contention here that the defendant did not have notice of the setting in sufficient time to prepare for trial. His only contention is that any setting not pre-

ceded by a publication of it four weeks in advance is a fatal violation of the rules. The defendant's letter of November 8 states that he had been informed that the case would be tried on November 14 or November 28. His lawyer knew of the November 28 setting, and at no time informed the court that he could not be ready. There was ample time in which he could have done so, and having failed, the error is his and not the court's.

That which we have said about the first two points disposes of the others, except for the assertion that the plaintiff was given preferential treatment by the trial court. The record does not support this contention. The Judge of Division Three made extensive inquiry about defendant's counsel's knowledge of the setting before he proceeded to try the case. The trial was proper and in conformity with the rules of court.

The judgment is affirmed.

RUDDY, Acting P. J., and SAM C. BLAIR, Special Judge, concur.

ANDERSON, P. J., not participating.