**Dawn YOUNG, A Minor, By and Through Her Next Friend, Terry YOUNG, and Terry Young and Mary Beth Young, His Wife, Plaintiffs-Respondents,**

v.

**Lee DAVIS, Defendant-Appellant,**

and

**Bobby Brewer, Defendant-Third Party Plaintiff-Appellant,**

and

**William Frank Watson, III, Third Party Defendant.**

No. 14322.

Missouri Court of Appeals, Southern District, Division Two.

March 11, 1987.

Ronald D. White, Rolla, Joseph W. Rigler, Joplin, and J. Max Price, Price & Beger, Salem, for defendants-appellants.

Don M. Henry and David H. Dunlap, West Plains, for plaintiffs-respondents.

MAUS, Judge.

This appeal presents a unique situation. The appellants' principal point is that "[t]he Court of Appeals does not have jurisdiction to hear this matter on appeal since there is no final judgment of the trial court which disposes of all of the parties and all of the issues." Nonetheless, they urge this court not to merely dismiss the appeal. They urge the court to reverse the judgment of the trial court and remand the case for a new trial. The respondents contend the judgment is final and should be affirmed.

The case has the following factual background. Dawn Young was riding as a passenger on a motorcycle driven by William Frank Watson, III, in a southerly direction on a blacktop rural road. Bobby Brewer was driving a van in a northerly direction on that road. The van was owned by Lee Davis. Brewer started to make a left turn into the driveway to the Davis home. That home was located on the west side of the blacktop road. While making the turn, Brewer saw the approaching motorcycle after it crested a hill north of the driveway. Brewer stopped the van, leaving several feet of blacktop between the front and rear of the van and the ditches. Watson was unable to stop or avoid the van. The motorcycle collided with the right side of the van.

The appeal has the following procedural background. In one count of the petition, Dawn Young sued Brewer and Davis for personal injuries. In another count of that petition, Terry Young and Mary Young, parents of Dawn Young, asserted a derivative claim against Brewer and Davis. Brewer filed a Third Party Petition for contribution against Watson. Watson filed a counterclaim for personal injuries against Brewer.

Watson failed to appear for trial. His attorney was permitted to withdraw. At the conclusion of the evidence, the jury was instructed upon the two counts of the petition. The jury was given forms of verdict upon those two counts. No instructions were tendered or given submitting the Brewer claim against Watson. No instructions were tendered or given submitting the Watson counterclaim. There were no forms of verdict pertaining to those claims. The jury returned a verdict for Dawn Young for $65,000 against Brewer and Davis. It returned a verdict for Terry Young and Mary Young for $16,000 against Brewer and Davis. In each verdict the jury apportioned fault as follows: Dawn Young—0%; Watson—75%; and Brewer—25%.

The trial court entered a judgment in accordance with those verdicts. The defendants-appellants Brewer and Davis filed a motion for a new trial. Among other things, that motion alleged the trial court erred in "not giving a form of verdict so that the jury could find issues against Third Party Defendant, William Frank Watson, III. Although no verdict form was tendered by Defendant, Lee Davis, or Defendant and Third Party Plaintiff, Bobby Brewer, the Court erred in not giving a verdict form such as set forth in MAI 36.-16." That motion was heard and taken under advisement. The trial court entered an amended judgment. That amended judgment granted a remittitur of $140.45 on the judgment in favor of Terry Young and Mary Young. It also awarded Brewer and Davis a judgment against Watson for 75% of the judgment against them.

As stated, the appellants' principal point is that there is no final judgment. They do present two supportive points. The first is that the trial court erred in failing to instruct the jury as to all issues and all parties. They cite no authority to establish that to be the duty of the trial court. The lack of foundation for that point is demonstrated in that portion of this opinion dealing with the appellants' principal point.

The second supportive point is that the original judgment was not supported by a jury verdict disposing of all issues as to all parties and is void. They cite cases such as *Thorne v. Thorne,* 350 S.W.2d 754 (Mo. 1961). Those cases deal with verdicts that cannot be construed or found to dispose of the issues submitted to the jury. "The general rule is that the verdict must be responsive to all the material issues *submitted* and should find the issues for or against the respective parties." *MFA Cooperative Ass'n of Ash Grove v. Elliott,* 479 S.W.2d 129, 133 (Mo.App.1972) (emphasis added). Such cases do not deal with verdicts that do not dispose of issues *not* submitted to the jury.

In support of their principal point, the appellants cite an often repeated rule. "By a long and unbroken line of decisions, it has been established firmly that a judgment, to be final and appealable, must dispose of all parties and all issues in the cause and must leave nothing for future

determination." *McNabb v. Payne*, 280 S.W.2d 864, 866 (Mo.App.1955). However, the rule is subject to an exception.

Where decision on other issues in the case effectively disposes of the issue not specifically adjudged, the judgment is final and appealable. *Skatoff v. Alfend*, 411 S.W.2d 169, 173 (Mo.1967). This rule prevails to determine a counterclaim even though the counterclaim is not mentioned. *Glick v. Glick*, 372 S.W.2d 912, 915 (Mo.1963). A primary judgment necessarily decisive of the whole case is prima facie evidence that all issues have been found in favor of the party for whom the judgment was rendered. *Capitol Stores, Inc. v. Storms-Green Construction Co.*, 346 S.W.2d 549, 554–555 (Mo.App.1961).

*State ex rel. Igoe v. Bradford*, 611 S.W.2d 343, 351 (Mo.App.1980). Also see *Skatoff v. Alfend*, 411 S.W.2d 169 (Mo.1966); *Reynolds v. Briarwood Development Co.*, 662 S.W.2d 905 (Mo.App.1983); *P.I.C. Leasing, Inc. v. Roy A. Scheperle Const. Co., Inc.*, 489 S.W.2d 219 (Mo.App.1972).

An analysis of the cases also reveals a limitation upon the scope of the rule. That limitation has received the following expression in regard to an issue of contributory negligence. "[W]hen a defendant fails to submit the affirmative defense of contributory negligence he has thereby abandoned that defense and it no longer remains an issue in the case *for any purpose* ... ." *Shepard v. Harris*, 329 S.W.2d 1, 7 (Mo. banc 1959) (emphasis added). Also see *Strickner v. Brown*, 491 S.W.2d 253 (Mo.1973). The limitation is generally applicable. "[T]he rule also prevails that theories of liability or defense pleaded and proved but not submitted are abandoned." *Keller v. International Harvester Corp.*, 648 S.W.2d 584, 590 (Mo.App.1983). Also see *Wehrend v. Roknick*, 664 S.W.2d 247 (Mo.App.1983); *Henderson v. Yust*, 560 S.W.2d 269 (Mo.App.1977). The limitation has been applied to the defense of a Statute of Limitations, *Yeager v. Wittels*, 517 S.W.2d 457 (Mo.App.1974), an element of a counterclaim, *P.I.C. Leasing, Inc. v. Roy A. Scheperle Const. Co., Inc.*, supra, and a claim for punitive damages, *Sullivan v.*

*KSD/KSD–TV*, 661 S.W.2d 49 (Mo.App. 1983). In a similar vein, it has been held that a plaintiff's failure to object to a verdict not disposing of a second count had the effect of dismissing that count. A judgment on the first count was found to be appealable. *Albrecht v. Piper*, 164 S.W.2d 105 (Mo.App.1942).

The requirement a party tender instructions submitting his claim or affirmative defense has been clearly announced. "There should in all cases be at least one principal instruction outlining to the jury the theory under the petition upon which recovery is sought." *Dorman v. East St. Louis Ry. Co.*, 335 Mo. 1082, 75 S.W.2d 854, 855 (banc 1934). It has been succinctly restated.

It is the trial court's responsibility to give the instructions. But, since the decision of *Dorman v. East St. Louis Ry. Co.*, [335 Mo. 1082], 75 S.W.2d 854 (Mo. 1934), it has been your job, the task of the trial advocate, to aid the court by preparing and tendering to the judge all of the correct written instructions you desire him to give. If the court doesn't give an instruction to which your client is entitled and you have not prepared it correctly, and *asked that it be given*, it's your fault and not the court's.

John C. Milholland, Why And How To Instruct A Jury, MAI (3rd ed. 1980) (emphasis in original). The cases cited establish that appellant Brewer's failure to tender instructions submitting his third party claim abandoned that claim. The same is the result of Watson's failure to offer evidence on and an instruction submitting his counterclaim against Brewer. The judgment is no less final because Watson and his attorney did not attend or participate in the trial. *Staab v. Thoreson*, 579 S.W.2d 414 (Mo.App.1979); *St. Louis Realty Development Corp. v. Gordon*, 354 S.W.2d 324 (Mo.App. 1952). There was a final judgment as to all issues remaining in the case. *Skatoff v. Alfend*, supra. Cf. *Poston v. Gaddis*, 372 So.2d 1099 (Ala.1979); *North East Independent School District v. Aldridge*, 400 S.W.2d 893 (Tex.1966).

By their third point the appellants contend the amended judgment granting them a judgment against Watson was erroneous. That contention has been conceded. Upon the basis of that concession, that portion of the amended judgment is vacated. The respondents have not questioned the propriety of the remittitur. The appellants have presented no point of error directed to the merits of the judgment on the petition. The judgment, subject to the remittitur, is affirmed.

PREWITT, P.J., and FLANIGAN, J., concur.

HOGAN, J., concurs and files concurring opinion.

HOGAN, Judge, concurring.

After some hesitation, I concur fully. It seems to me there are cases which suggest that a judgment should be pronounced in language which fully determines the rights of the parties to the action and leaves nothing more to be done except the entry of the judgment by the clerk, *State ex rel. Green v. Henderson*, 164 Mo. 347, 360, 64 S.W. 138, 141 (banc 1901), and there should be no necessity to have to look to the whole record to determine what issues were foreclosed. But I find no authority which prohibits looking to the whole record to construe the judgment, which is all that has been done in the present case. *See State v. Haney*, 277 S.W.2d 632, 635–36[4][5] (Mo. 1955), 55 A.L.R.2d 717 (1955); *Massey v. Massey*, 594 S.W.2d 296, 297–298 (Mo.App. 1979); *State ex rel. Whatley v. Mueller*, 288 S.W.2d 405, 410[5–7] (Mo.App.1956). Failure to recite disposition of every claim asserted may create difficulty in some cases, *Massey v. Massey*, 594 S.W.2d at 298, but the overriding consideration here is to decide the appeal on its merits. I therefore concur.