

# *In the*
# *Missouri Court of Appeals*
## *Western District*

| | | |
|---|---|---|
| STATE OF MISSOURI EX REL. DMITRY SOLENOV, PH.D., | ) ) ) | |
| Appellant, | ) ) | WD87263 |
| v. | ) ) | OPINION FILED: |
| MISSOURI COMMISSION ON HUMAN RIGHTS, ET AL., Respondents, | ) ) ) ) | JULY 1, 2025 |
| and | ) ) | |
| SAINT LOUIS UNIVERSITY, | ) ) | |
| Respondent. | ) ) | |

**Appeal from the Circuit Court of Cole County, Missouri**
The Honorable Cotton Walker, Judge

Before Division Two: Cynthia L. Martin, Presiding Judge, Gary D. Witt, Judge and W. Douglas Thomson, Judge

Dmitry Solenov, Ph.D. ("Solenov") appeals from a judgment granting intervenor Saint Louis University's ("SLU") motion for judgment on the pleadings in Solenov's action seeking a writ of mandamus against the Missouri Commission on Human Rights ("MCHR") and its executive director. Because the judgment is not final, the appeal is dismissed.

**Factual and Procedural Background**[1]

Solenov was employed as a tenured associate professor of physics at SLU during the summer of 2021, when he was advised that as a condition of his continued employment, he would need to receive a COVID-19 vaccination. Solenov submitted a religious exemption form. He explained that he is a Christian, that he has not sought or received any vaccine since becoming a Christian, and that according to his beliefs as a Christian, he "was called by [his] Lord and Savior not to be injected with any COVID-19 vaccine."

On August 10, 2021, Solenov's request for a religious exemption was denied by SLU. The email notifying Solenov of the rejected exemption advised that no appeal was possible, and that Solenov needed to be vaccinated, or his employment would be terminated on or about November 13, 2021.

On September 27, 2021, Solenov filed a Charge of Discrimination with the Equal Employment Opportunity Commission and cross-filed his Charge with the MCHR. In the Charge of Discrimination, Solenov claimed that he had been discriminated against on the basis of national origin, religion, retaliation, sex, and "other," and that the discrimination took place on August 10, 2021. The Charge of Discrimination described the discriminatory conduct as SLU's demand that Solenov receive a COVID-19

---

[1]Because we are reviewing the grant of a motion for judgment on the pleadings, "[w]e treat the nonmovant's well-pleaded facts as admitted," giving him "the benefit of all reasonable inferences drawn therefrom." *Eisenmenger v. Nat'l Indem. Co.*, 699 S.W.3d 583, 585 (Mo. App. W.D. 2024).

vaccination or be terminated, and SLU's failure to accept Solenov's expressed basis for religious exemption at face value.

On October 5, 2021, MCHR notified Solenov that the administrative proceedings initiated by his Charge of Discrimination were being terminated. MCHR explained that it lacked jurisdiction because SLU "is owned or operated by a religious or sectarian group," and "[s]uch groups are exempted from coverage by the Missouri Human Rights Act." The MCHR advised Solenov that he could appeal by filing a petition under section 536.150.[2] The MCHR did not issue Solenov a right-to-sue letter. There is no indication in the record that Solenov requested the issuance of a right-to-sue letter prior to the MCHR's termination of his administrative proceedings.

On November 4, 2021, Solenov filed a petition for writ of mandamus in the Circuit Court of Cole County against the MCHR and its executive director. Solenov filed the action as a non-contested case under section 536.150.1. In his petition, Solenov argued that SLU is not a religious or sectarian group, and is not operated by a religious or sectarian group. Solenov also argued that he had a clear and unequivocal right to have the MCHR and its executive director "promptly investigate" his complaint of discrimination in order to make a "probable cause" determination, and that the decision to terminate his proceedings due to a lack of jurisdiction was unlawful, unreasonable, arbitrary, capricious, and an abuse of discretion. Solenov argued that he had been constructively discharged by SLU when he was given the ultimatum on August 10, 2021,

_____

[2]All statutory references are to RSMo 2016, as supplemented, unless otherwise noted.

3

to get vaccinated or be terminated, and that without the issuance of a right-to-sue letter, he could not pursue a claim for civil damages under the Missouri Human Rights Act ("MHRA") against SLU in violation of his right to due process. Solenov sought the issuance of a preliminary and permanent writ of mandamus compelling the MCHR and its executive director to determine that SLU is an employer within the meaning of the MHRA, and to require the MCHR to issue Solenov a right-to-sue letter. In addition, and seemingly in the alternative to his request for a writ of mandamus, Solenov sought judicial review of the decision by the MCHR and its executive director that SLU is not an employer within the meaning of the MHRA, and further sought both a determination that SLU is an employer within the meaning of the MHRA and an order directing the MCHR and its executive director to issue Solenov a right-to-sue letter.

On November 19, 2021, the Circuit Court issued a preliminary order of mandamus, and directed the MCHR and its executive director to file a response to the petition for writ of mandamus. On May 9, 2022, the MCHR and its executive director filed a motion to dismiss and answer to Solenov's petition for writ of mandamus. On May 11, 2022, SLU filed a motion to intervene, with the consent of all parties. Intervention was permitted, and SLU filed its answer and affirmative defenses to Solenov's petition for writ of mandamus. SLU alleged that the MCHR properly declined to exercise jurisdiction over Solenov's Charge of Discrimination because SLU is owned or operated by a religious or sectarian organization and is expressly exempt from the definition of "employer" in the MHRA. SLU also argued that Solenov's petition fails to state a claim because Solenov has no existing, clear, and unconditional right or

4

entitlement to pursue a claim under the MHRA; the MCHR and its executive director have no unconditional duty to act; and the MCHR and its executive director did not fail to discharge an unconditional duty to act.

Nearly two years later, on March 8, 2024, SLU filed a motion for judgment on the pleadings. SLU argued that Solenov has no existing legal right or property interest entitling him to mandamus relief because any civil suit for damages against SLU was now time barred by the two-year statute of limitations set forth in section 213.111.1[3] of the MHRA. SLU alleged that based on the allegations in Solenov's petition for writ of mandamus, the two-year statute of limitations to bring a civil suit against SLU under the MHRA began to run on August 10, 2021, when Solenov claimed to have been constructively discharged by SLU. SLU also alleged that Solenov's demand for a writ of mandamus to secure a right-to-sue letter from the MCHR was now moot, because the issuance of a right-to-sue letter would have no practical effect given the plain language of section 213.111.1 barring the institution of any civil suit for damages against SLU more than two years after the complained of act of discrimination.

Solenov responded to SLU's motion for judgment on the pleadings. He argued: (i) that the running of the statute of limitations was not pled as an affirmative defense in SLU's answer to the petition for writ of mandamus; (ii) that SLU's answer denied material facts pled in the petition for writ of mandamus rendering a motion for judgment

---

[3]Section 213.111.1 provides, in pertinent part, that "[a]ny action brought in court under this section shall be filed within ninety days from the date of the [MCHR's] notification letter to the individual but no later that two years after the alleged cause occurred or its reasonable discovery by the alleged injured party."

on the pleadings inappropriate; (iii) that Solenov received an email from SLU on January 11, 2022, enclosing a letter dated January 10, 2022, officially terminating Solenov; and (iv) that Solenov filed an MHRA civil suit against SLU on January 10, 2024,[4] within the two-year statute of limitations. Solenov's factual assertions regarding his official termination, and his filing of an MHRA civil suit (notwithstanding the lack of a right-to-sue letter), were not included in his petition for writ of mandamus.

SLU filed a reply in support of its motion for judgment on the pleadings. SLU argued that the running of the statute of limitations was not an affirmative defense to the request for mandamus relief that had to be separately pled, but was instead a fact or circumstance supporting the asserted affirmative defense of failure to state a claim for mandamus relief. SLU argued that Solenov could not establish an existing, clear, and unconditional right or entitlement to a right-to-sue letter. SLU noted that the only discriminatory act identified in Solenov's September 2021 Charge of Discrimination was SLU's August 10, 2021 denial of Solenov's request for a religious exemption, and that a right-to-sue letter issued with respect to that discriminatory act would have no practical effect given the expiration of the time to bring a civil action against SLU for that alleged discriminatory act. SLU also argued that Solenov's new factual assertion in his response to the motion for judgment on the pleadings regarding the January 2022 termination of his employment could not support mandamus relief because Solenov did not file a

---

[4]Beyond Solenov's bare assertion of this fact, there is no other information in the record about this civil suit.

Charge of Discrimination relating to that alleged discriminatory act, and thus failed to exhaust his administrative remedies before filing a civil suit on January 10, 2024.

Solenov responded to SLU's reply. In addition to repeating earlier stated arguments, Solenov alleged that his ultimate termination in January 2022 was "like or reasonably related to" the constructive termination claim he described in his Charge of Discrimination. In a surresponse, SLU noted that Solenov's argument that his ultimate termination in January 2022 was encompassed within the scope of his original Charge of Discrimination underscored that his civil suit filed on January 10, 2024, was not timely, and further underscored that the request for a writ of mandamus to require the issuance of a right-to-sue letter was moot.

On May 15, 2024, the Circuit Court issued an order and judgment ("Judgment") granting SLU's motion for judgment on the pleadings, and entering judgment in favor of SLU and against Solenov. The Circuit Court found that Solenov filed a petition for writ of mandamus asking the court to issue a writ ordering the MCHR to issue a right-to-sue letter on Solenov's Charge of Discrimination; that the Charge of Discrimination identified as the act of discrimination the August 10, 2021 email from SLU notifying Solenov that his request for a religious exemption was denied, and that his employment would be terminated unless he secured the COVID-19 vaccination; and that Solenov could not meet his burden to prove that he has a presently existing legal right entitling him to mandamus relief because any MHRA claim arising from his Charge of Discrimination is time-barred by the MHRA's two-year statute of limitations. The Circuit Court also found

7

that Solenov's mandamus action was moot because the issuance of a right-to-sue letter would have no practical effect.

Solenov filed a notice of appeal on June 14, 2024, naming SLU as the respondent. On June 27, 2024, the MCHR and its executive director sought leave to intervene in the appeal because the ultimate relief sought by Solenov in the underlying action was against the MCHR and its executive director. This Court granted the intervention motion.

By letter dated July 9, 2024, this Court directed the parties to address the issue of the finality of the Circuit Court's Judgment in their appellate briefs.

### Finality of the Judgment

Before we address the merits of Solenov's appeal, this Court must determine whether it has jurisdiction over the appeal. That is because "[t]he right to appeal is purely statutory and, where a statute does not give a right to appeal, no right exists." *First Nat'l Bank of Dieterich v. Pointe Royale Prop. Owners' Ass'n., Inc.*, 515 S.W.3d 219, 221 (Mo. banc 2017) (quoting *Buemi v. Kerckhoff*, 359 S.W.3d 16, 20 (Mo. banc 2011)). Because the finality of a judgment is a prerequisite to our jurisdiction, if we have any doubt about a judgment's finality, we must address the issue *sua sponte* even if the issue has not been raised by the parties. *See, e.g.*, *Jefferson City Med. Grp., P.C. v. Brummett*, 665 S.W.3d 380, 384 (Mo. App. W.D. 2023).

"Although many statutes govern 'the right to appeal, the only statute even potentially applicable to the present case is section 512.020(5),' which provides that 'final judgments' are appealable." *Wilson v. City of St. Louis*, 600 S.W.3d 763, 767 (Mo. banc 2020) (quoting *First Nat'l Bank of Dieterich*, 515 S.W.3d at 221). "If a judgment

8

resolves all claims by and against all parties . . . it is commonly referred to as a final judgment." *Id.* at 768 (quoting *State ex rel. Henderson v. Asel*, 566 S.W.3d 596, 598 (Mo. banc 2019)).

Here, the Judgment does not resolve all claims by and against all parties. By its plain terms, the Judgment resolved a motion for judgment on the pleadings filed by SLU, and entered judgment in favor of SLU and against Solenov. The Judgment did not address or resolve the claims asserted by Solenov against the MCHR and its executive director. The Judgment, therefore, was not a final judgment. *Id.* Nor was it certified for interlocutory appeal as contemplated by Rule 74.01(b).[5]

In briefing the issue of finality, Solenov argues that the Judgment in favor of SLU on SLU's motion for judgment on the pleadings *effectively* disposed of his claim for mandamus relief against the MCHR and its executive director, rendering the Judgment final. Solenov relies on *Young By & Through Young v. Davis*, 726 S.W.2d 836, 837-38 (Mo. App. S.D. 1987), which noted that the rule requiring a judgment to dispose of all parties and all issues, leaving nothing for future determination, in order to be final "is subject to an exception." "Where decision on other issues in the case effectively disposes of the issue not specifically adjudged, the judgment is final and appealable." *Id.* at 838 (quoting *State ex rel. Igoe v. Bradford*, 611 S.W.2d 343, 351 (Mo. App. W.D. 1980), and citing *Skatoff v. Alfend*, 411 S.W.2d 169, 173 (Mo. 1966)). "A primary judgment

---

[5]We express no opinion as to whether the Judgment would have been eligible for interlocutory appeal. *Wilson*, 600 S.W.3d at 768-72.

All Rule references are to *Missouri Court Rules, Volume 1--State, 2025* unless otherwise indicated.

necessarily decisive of the whole case is prima facie evidence that all issues have been found in favor of the party for whom the judgment was rendered." *Id.* (quoting *State ex rel. Igoe*, 611 S.W.2d at 351). Solenov states in his Brief that he "filed the underlying action for mandamus and judicial review of a noncontested case pursuant to [section] 536.150, to compel the MCHR to issue a right[-]to[-]sue letter." [Appellant's Brief, p. 8] He then argues that the Judgment's grant of SLU's motion for judgment on the pleadings has the effect of extinguishing his discrimination claim against SLU and rendering moot his request for the issuance of a right-to-sue letter from the MCHR and its executive director, such that "all aspects of any claim against any party" in the mandamus action "have been completely and finally resolved." [Appellant's Brief, p. 8]

The MCHR and its executive director support Solenov's contention that the Judgment is final. They acknowledge that the Judgment does not expressly address them, but argue that because Solenov admits in his Brief that he filed the mandamus action to compel the MCHR to issue a right-to-sue letter, the Judgment's determination that the request for a right to-sue-letter was moot leaves nothing for further determination and effectively disposed of Solenov's claim against the MCHR and its executive director. SLU's position on the issue of the Judgment's finality is identical to the position of the MCHR and its executive director.

The exception addressed in *Young* is of no application to this case. By its terms, the exception applies to dangling, undetermined *issues*, and notes that "issues" not mentioned in a judgment will not prevent the judgment from being "final" where the nature of the judgment is such that it is necessarily decisive of the whole case as to

10

support the conclusion that "*all issues* have been found in favor of *the party* for whom the judgment was rendered." 726 S.W.2d at 838 (emphasis added). We are aware of no authority for the proposition that the exception addressed in *Young* permits a judgment to be characterized as final because the judgment's holding will have the practical effect of foreclosing unresolved claims against *unnamed parties*.

Had the MCHR and its executive director desired to join in SLU's motion for judgment on the pleadings, they could have done so. They did not.[6] Had the MCHR and its executive director desired a ruling on their motion to dismiss, they could have sought one. It may well be that Solenov's claims against the MCHR and its executive director will be subject to dismissal by virtue of the Circuit Court's conclusion that Solenov's request for a right-to-sue letter would have no practical effect and is moot. But the Circuit Court has not been asked to make that determination; the Judgment does not make that determination; and this Court will not assume that determination.[7]

---

[6]During the on-the-record hearing on SLU's motion for judgment on the pleadings, although counsel for the MCHR and its executive director was present and provided brief input on SLU's motion, the Circuit Court prefaced the request for input by noting "I know it's not your party's motion."

[7]Both parties conceded during oral argument that while Chapter 213 authorizes a person who complains of discrimination to bring a private civil action against an employer after requesting and receiving a right-to-sue letter from the MCHR, Chapter 213 separately authorizes the MCHR to initiate an administrative hearing in response to a charge, a decision from which can be appealed to a circuit court under section 213.085, with judicial review provided in accordance chapter 536. *See State ex rel. Diehl v. O'Malley*, 95 S.W.3d 82, 90 (Mo. banc. 2003). Seeking remedies through the administrative process, and thus seeking action by the MCHR with respect to investigation of a charge, in lieu of requesting a right-to-sue letter is procedurally distinguishable from seeking relief directly from a party who is claimed to have engaged in discriminatory conduct. *See State ex rel. Martin-Erb v. Missouri Com'n on Human Rights*, 77 S.W.3d 600, 603-605 (Mo. banc 2002). Here, Solenov conceded that no right-

11

Because the Judgment does not resolve all claims by and against all parties, it is not final, and we do not have jurisdiction to entertain this appeal.

**Conclusion**

Solenov's appeal is dismissed.

_Cynthia L. Martin_
Cynthia L. Martin, Presiding Judge

All concur

---

to-sue letter was ever requested, leaving it unclear the extent to which, if at all, mandamus relief has been sought from, or remains separately available against, the MCHR in connection with its independent authority to pursue administrative remedies. We express no opinion on that subject, but highlight the issue to underscore that the Judgment on its face did not resolve all claims against all parties, and cannot be conveniently excused from having done, notwithstanding the parties' shared contention that the practical effect of the Judgment in favor of SLU was to resolve all claims against the MCHR and its executive director.

12