**J. G. JACKSON ASSOCIATES, Inc., a Corporation (Plaintiff), Respondent,**

v.

**C. E. MOSLEY (Defendant), Appellant.**

No. 29834.

St. Louis Court of Appeals.

Missouri.

Jan. 7, 1958.

Morris A. Shenker, Owen G. Jackson, Sidney M. Glazer, St. Louis, for appellant.

Rassieur, Long & Yawitz, Robert H. Batts, Richard J. Collins, Jr., St. Louis, for respondent.

HOUSER, Commissioner.

This is an appeal from an order of the circuit court overruling a motion to set aside a default judgment. Plaintiff, a corporation engaged in architectural and engineering consulting, filed suit in the magistrate court in two counts for services rendered, but not paid for, in the preparation of working drawings for the construction of several buildings. Count I was based on the theory that defendant entered into a contract to pay $450 for such services. Count II was based on the theory of quantum meruit; that at the request of defendant plaintiff performed services of the reasonable value of $450. Defendant filed a general denial to each count. On the evidence adduced at the trial in magistrate court judgment was entered for defendant. After the case reached the circuit court on appeal the attorneys for defendant, by leave of court, withdrew. On the same day, September 24, 1956, the attorneys wrote defendant the following letter:

"As we indicated to you in prior correspondence, on today's date we withdrew as your attorneys in the above captioned matter. The case, which was set on the trial docket of September 24, was continued by the Court until January 21, 1957. I am sending a copy of this letter to Judge Ferriss, in whose division this case is set, so that it may be made a part of the file."

The following court order was made on January 21, 1957:

"Default and inquiry granted. Cause passed to 24th of January, 1957."

On January 25 plaintiff appeared by attorney but defendant failed to appear. The case went to trial before the court sitting without a jury. The president of plaintiff corporation testified that the services in question were rendered under a contract with defendant by which the latter agreed to pay $150 for engineering services in the preparation of each set of plans; that three sets of plans were prepared at defendant's request; that plaintiff billed defendant for the contract price of $450 but defendant failed to pay. The court thereupon rendered the following judgment:

"Now at this day comes the plaintiff by its attorney and the defendant comes not but remains in default and this cause being now submitted to the Court upon the pleadings, evidence and proofs adduced and the Court having seen and heard the same and being now duly and fully advised concerning the premises, finds the issues herein joined in favor of the plaintiff and against the defendant and that said defendant is justly indebted to said plaintiff for the sum of $450.00 and six percent interest from December 20th, 1953 to January 25th, 1957 in the sum of $83.60, making a total judgment for said plaintiff for the sum of $533.60.

"Wherefore, it is ordered and adjudged by the Court that said plaintiff have and recover of said defendant the sum of Five Hundred Thirty Three and 60/100 ($533.60) Dollars, together with interest thereon from this date at the rate of six per centum per annum and also the costs herein incurred."

On February 12, 1957 defendant, then represented by attorney Morris Shenker, filed a motion "to set aside the default judgment rendered against him in said cause on the 24th (sic) day of January, 1957." Defendant alleged that after his original attorneys withdrew he intended to

and was under the mistaken impression that he had instructed Mr. Shenker to represent him in this case; that at the time of the rendition of the judgment Mr. Shenker was representing him in certain condemnation, highway department and tax matters; that he believed that Mr. Shenker was representing him on January 21, 1957 in this case but later learned that Mr. Shenker had not been consulted regarding this case; that Mr. Shenker is now ready and willing to represent him and present his good and meritorious defense in which he prevailed in the magistrate court, namely, that he did not employ plaintiff to prepare the plans in question; that plaintiff desired to subdivide certain real estate owned by defendant and that the plans in question were submitted to defendant for the sole purpose of informing defendant of the type of residence plaintiff proposed to build thereon, so that defendant could determine whether he would permit his property to be subdivided, and that the contract on which plaintiff relies is void under § 327.260 RSMo 1949, V.A.M.S. relating to contracts for the performance of architectural services. The court heard and overruled defendant's motion to set aside the default judgment. Defendant has appealed from the order overruling the motion.

The first question is whether the appeal is premature. The petition contained two separate counts. The judgment, a general judgment, did not dispose of the two counts individually. We have ruled that there can be but one judgment and a judgment is not final for the purposes of appeal unless it disposes of all of the counts in a petition, Hance v. St. Louis-San Francisco Ry. Co., Mo.App., 283 S.W.2d 879, and cases cited; 4 C.J.S. Appeal and Error § 95, but in Hance and all of the cases cited in Hance the several counts were of such a nature that the determination of the issues on one count would not necessarily be decisive of the other counts. There is an exception to the rule of the Hance case: Where the disposition of one count and the entry of a general judgment thereon operates to settle all questions, eliminate all issues as between the parties and preclude a recovery on all other counts, there is a final judgment for the purposes of appeal. The instant appeal falls within that exception. The recovery of $450 plus interest for certain engineering services upon a contract theory settled the question and eliminated the issue whether defendant owed plaintiff $450 for the same engineering services on a theory of quantum meruit, and would preclude a recovery under Count II, for it is certain that plaintiff could not recover twice for the same thing. A similar situation arises when parties plaintiff and defendant, by petition and counterclaim, base their conflicting claims for relief on the negligence of the other party and both claims arise out of the same vehicular accident. In such case a verdict and judgment for plaintiff on his petition, without any reference to the counterclaim in verdict or judgment, may be sustained and the judgment is regarded as final for purposes of appeal, because the determination of the issue upon which the judgment is based is necessarily decisive of the whole case. Staples v. Dent, Mo.App., 220 S.W.2d 791, and authorities cited; Commercial National Bank of Kansas City, Kan. v. White, Mo.Sup., 254 S.W.2d 605. A related situation is that which occurs when a single cause of action may be established by either or both of two different theories, both of which are pleaded, but only one of which is disposed of in the judgment rendered. Example: An annexation of territory by a municipality is sought to be set aside because of (1) the invalidity of the journal entry of the meeting of the municipal body at which the ordinance of annexation was passed and (2) the unreasonableness of the extension of the city limits, and the court renders judgment setting aside the annexation on the first ground without deciding the second. In this situation we held in Steiger v. City of Ste. Genevieve, 235 Mo. App. 579, 141 S.W.2d 233, that there is nevertheless a final appealable judgment

for the reason that the determination of the case on the procedural ground determined the whole cause of action or controversy between the parties, thus rendering unnecessary and unessential the determination of the further issue. The instant appeal is not premature.

■ Appellant's first point is that the court erred in overruling defendant's motion to set aside the default judgment because of an irregularity in the record, in that an interlocutory and "final" judgment was taken by default in a suit where defendant filed an answer. Appellant insists upon the benefit of the rule, adverted to in Eubanks v. Missouri Nat. Life Ins. Co., 223 Mo.App. 1095, 24 S.W.2d 715, that when an answer is filed it is error to render a default judgment even though defendant does not appear for trial. This contention is based upon appellant's mistaken understanding that the action of the court on January 21 constituted the granting of an interlocutory judgment upon default, and that the judgment of January 25 was a final judgment by default. Appellant's contention would be meritorious if the judgment were a default judgment, Meyerhardt v. Fredman, Mo.App., 131 S.W.2d 916, but the judgment was not a default judgment, as that word is used in the statute, §§ 511.110, 511.140, or under the decisions. Defendant appeared to the writ of summons and filed his answer, and therefore was not in default *nihil dicit*. In Dietrich v. Dietrich, Mo.App., 28 S.W.2d 418, loc. cit. 419, this court said:

"It will be well to observe in the beginning that this is not a default judgment. Where an answer is filed, and the issues are made up, a judgment rendered under such circumstances is not a default judgment."

In Schopp v. Continental Underwriters' Co., Mo.App., 284 S.W. 808, we held that a judgment reciting the coming on of the cause to be heard, appearance of plaintiff, previous appearance of defendant, filing of answer, failure of defendant to appear at trial, waiver of jury and submission of cause upon the pleadings and evidence adduced, was not a default judgment and was not irregular. In National City Bank of St. Louis v. Pattiz, Mo.App., 26 S.W.2d 815, we said, loc. cit. 816:

"The motion to set aside this judgment refers to the judgment as a default judgment, but a judgment rendered after an answer is filed and the issues are made up is not, strictly speaking, a default judgment."

Defendant's default was nothing more or less than a default in his appearance at the hearings on January 21 and January 25. No other or further entry was made on January 21 than the words: "Default and inquiry granted. Cause passed to 24th of January, 1957." This entry was not followed by an interlocutory judgment adjudging the petition to be confessed. See Meyerhardt v. Fredman, supra. Nothing of record indicates the rendition of a default judgment on January 21. On January 25 the court did not treat its order of January 21 as an interlocutory judgment fixing liability or devote its inquiry alone to the question of the amount of damages. On the contrary, as in Halsey v. Meinrath, 54 Mo.App. 335, loc. cit. 344, "The court gave full effect to the issue made by the answer. It took nothing as confessed, and proceeded to hear the evidence in the cause. It proceeded exactly as it would have done had defendant taken part in the trial and failed in his defense. In other words, he has had the full benefit of the issue he presented. When a defendant answers the petition and then defaults or fails to appear to the trial, the proper proceeding to a legal determination of the case is to go on with the trial by hearing the evidence the same as if the defendant was present. * * *." While the face of the judgment of January 25 recites that the "defendant comes not but remains in default," it goes further to recite that the cause was "submitted to the Court upon the pleadings, evidence and proofs adduced" and that "the Court having seen

and heard the same and being now duly and fully advised concerning the premises, finds, etc." Considering the record as a whole the judgment rendered on January 25 was a judgment upon a trial by the court of the issues raised by the pleadings, and not a default judgment. Brooks v. Mc-Cray, Mo.App., 145 S.W.2d 985, loc. cit. 987. The judgment rendered in this case was regular and appellant's first point stands for disallowance.

 Appellant's second point is that the court erred in overruling defendant's motion to set aside the "default" judgment. To warrant the vacation of a default judgment a defendant must show that he has a good and sufficient reason or excuse for his default, and that he has a good and meritorious defense. The refusal of a motion to vacate a default judgment is a matter within the sound judicial discretion of the trial court, a discretion which will not justify appellate interference unless both an excuse for default and a meritorious defense appear so clearly as to manifest arbitrary action upon the part of the trial court in refusing to vacate the judgment. Whitledge v. Anderson Air Activities, Mo.Sup., 276 S.W.2d 114; Savings Finance Corp. v. Blair, Mo.App., 280 S.W.2d 675, and cases cited. Treating the instant judgment as a default judgment only for the purpose of the decision of this point we find that the first element (excuse for defendant's default) is lacking in this case. The excuse offered is that defendant intended to and was under the mistaken impression that he had employed counsel; that he had employed Mr. Shenker as his counsel in certain other matters (condemnation proceedings, controversies with the state highway department and federal tax matters) and he *believed* that Mr. Shenker was representing him in this matter. Defendant does not claim that he ever spoke to Mr. Shenker with reference to representation in this case and no other facts are alleged from which it could be determined that defendant was reasonable in his im-

pression or had reasonable grounds to believe that he had in fact retained Mr. Shenker in this case. Such facts should have been plainly and fully set forth in order for the trial court to determine whether he was justified in his belief. A case directly in point is Munroe v. Dougherty, 196 Mo.App. 124, 190 S.W. 1022, loc. cit. 1025:

> "The motion states that the defendants believed or understood that they had employed Mr. Carpenter to look after their interest in said cause, but the defendants do not claim, either in their motion or elsewhere, that they had ever spoken with Mr. Carpenter with reference to representing them in this litigation; they do not state that they had retained him as their attorney; they do not state any facts in their motion or elsewhere in the record by which it could be determined that they were reasonable in their belief, or had reasonable grounds to believe that they had in fact consummated an arrangement by which Mr. Carpenter was to represent them. * * * The facts upon which they based their belief that they were represented by Mr. Carpenter are not set forth, and they ought to have been plainly and fully set forth, we believe, in order that the trial court could determine whether they were justified in believing that they had retained Mr. Carpenter. * * We believe, therefore, that before we could say that the lower court abused its discretion in failing to set aside the judgment, the facts ought to have appeared either in the motion or in the evidence which would disclose that the defendants really were warranted in believing that they had employed or retained Mr. Carpenter."

And see 49 C.J.S. Judgments § 280b, in which it is said:

> "As to retainer of counsel. A defendant ordinarily cannot procure the

setting aside of a judgment against him on the ground of his mistaken belief that he had retained an attorney to protect his interests for he must see to it that the attorney understands and accepts the retainer, and his failure to pay personal attention to the case is inexcusable negligence * * *."

Defendant's indifference concerning the disposition of this case is impressive. There were three continuances in the original magistrate court, a change of venue and four continuances in the second magistrate court. On appeal to the circuit court there were seven continuances and resettings before the case was tried. Informed by letter dated September 24, 1956 that his original attorneys were withdrawing and that the case was continued until January 21, 1957 defendant did not appear in court and did not employ counsel to appear for him until after judgment was rendered against him. Fourteen continuances, one change of venue, one appeal, default in employment of counsel, default in personal appearance. Defendant's failure to pay personal attention to his case is inexcusable negligence. Defendant's mistaken belief that he had retained counsel, under the circumstances, is not sufficient to excuse him. Good intentions are not enough. "Hell is paved with good intentions."—Dr. Johnson (Boswell's Life of Johnson, Annus 1775). On this record we cannot say that the circuit court abused its discretion in refusing to set aside the judgment.

The Commissioner recommends that the order of the circuit court be affirmed.

PER CURIAM.

The foregoing opinion of HOUSER, C., is adopted as the opinion of the court.

The order of the circuit court is, accordingly, affirmed.

RUDDY, P. J., and MATTHES and ANDERSON, JJ., concur.