**H. P. SCHEID, Plaintiff-Respondent,**

**v.**

**V. E. PINKHAM, V. V. Pinkham, and Ladco Wood Brick Mills, Limited, a Missouri Corporation, Defendants-Appellants.**

**No. 8386.**

Springfield Court of Appeals.

Missouri.

April 14, 1965.

James H. Keet, Jr., of Lincoln, Haseltine, Keet, Forehand & Springer, Springfield, for defendants-appellants.

Charles J. Fain, Branson, for plaintiff-respondent.

RUARK, Presiding Judge.

This is an appeal from a judgment rendered in a case which commenced as a suit for accounting and wound up as a general free-for-all melee.

Plaintiff H. P. Scheid brought suit naming as defendants V. E. Pinkham, V. V. Pinkham, and Ladco Wood Brick Mills, Limited, a corporation. The substance of plaintiff's claim was that he was a minority stockholder of the Ladco Corporation and had been a minority of one on the three-man board of directors; that the two Pinkhams were majority stockholders and constituted the majority of the board of directors, as well as president and vice-president; that the two Pinkhams conspired together and as a result of such conspiracy V. V. Pinkham issued a check against the account of the corporation in the amount of ten thousand dollars, which check was payable to Pinkham Construction Company (owned by V. E. Pinkham) in order to pay an obligation of V. E. Pinkham; that the withdrawal was not for the purpose of, or in the course of business of, the Ladco Corporation but was a misappropriation of such corporation funds and for the purpose of defrauding the corporation; that plaintiff learned of such misappropriation and

sought to require repayment by appeal first to the board of directors and then to the shareholders but failed in his efforts. The prayer is for judgment for an accounting for and on behalf of the corporation "in the sum of Ten Thousand and no/100 Dollars."

To this pleading all defendants filed answer. Defendants V. V. Pinkham and V. E. Pinkham (each) filed separate counterclaims in which it was alleged that plaintiff had maliciously libeled each defendant by accusing him of misappropriation of funds. Each separate counterclaim demanded ten thousand dollars actual and fifty thousand dollars punitive damages.

Defendant Ladco filed counterclaim in which (by Count I) it was alleged that plaintiff had been issued shares without consideration and had been guilty of misfeasance as an officer of the corporation and prayed that the shares be cancelled. Count II sought to recover $2,929.15 which had been paid plaintiff for services, to which sum he was not entitled. Count III alleged that while plaintiff was secretary of the corporation he was guilty of misfeasance in said office by making false accusations against the other officers of the corporation; by forming a competing business and soliciting suppliers and licensors of Ladco to cancel their contracts with such corporation; and by injuring the name and reputation of the corporation. Because of this conduct Ladco prayed for twenty-five thousand dollars actual damages.

Count IV charged that the acts done as alleged in Count III were malicious and prayed for twenty-five thousand dollars punitive damages.

After trial of the case, the court found: As to plaintiff's petition, judgment in favor of the defendant Ladco and against V. E. Pinkham in the sum of ten thousand dollars; on the separate counterclaims of V. V. Pinkham and V. E. Pinkham, judgment in favor of plaintiff and against each defendant; on the counterclaim of Ladco, judgment in favor of the plaintiff and against defendant Ladco as to Counts I, II, and III. No judgment was rendered on Count IV.

All defendants filed motion for new trial. Such motion was not ruled upon within ninety days, and all three defendants appeal. The appeal is from the judgment on the plaintiff's petition and on all three counterclaims.

■ Our first question: Is the case here? That is, was there a final and appealable judgment disposing of all the parties and all issues? The whole case was tried to the court. There was no order for separate trial. There was no specific finding or judgment in respect to Count IV of Ladco's counterclaim. In ordinary circumstances this would require dismissal of the appeal. State ex rel. State Highway Commission v. Hammel, Mo., 290 S.W.2d 113 (4); McNabb v. Payne, Mo.App., 280 S.W. 2d 864, and cases cited; Collier v. Smith, Mo.App., 292 S.W.2d 627. But one of the exceptions to the general statement is that if the finding and judgment on the other issues in the case "necessarily excludes and effectively disposes of" the issue which is not specifically adjudged, then the judgment is final and appealable. Capitol Stores, Inc., v. Storms-Green Constr. Co., Mo.App., 346 S.W.2d 549, 554–555; J. G. Jackson Associates, Inc. v. Mosley, Mo. App., 308 S.W.2d 774, 776; Commercial Nat. Bank of Kansas City, Kan. v. White, Mo., 254 S.W.2d 605, 609.

Ladco's Count III was a claim for actual damages in the sum of twenty-five thousand dollars on account of alleged conduct of the plaintiff. Count IV is a reiteration of the charges made in Count III with the added statement that the acts so alleged were done maliciously and wilfully; and the prayer is for punitive damages in the sum of twenty-five thousand dollars.

■ There can be no recovery for punitive damages if there are no actual damages. 25 C.J.S. Damages § 118, p. 713; Adelstein v. Jefferson Bank and Trust Co., Mo., 377 S.W.2d 247, 252; Thompson v.

Hodge, Mo.App., 348 S.W.2d 11, 15, and cases at Footnote 15. Therefore, the judgment which denied Ladco's recovery on Count III denied and effectively disposed of Count IV.

 There is the added factor that neither plaintiff nor defendant complained of the failure to dispose of Ladco's count for punitive damages, nor was such called to the attention of the court in the appellant's after-trial motion. Under these circumstances such Count IV will be deemed to have been abandoned or dismissed. Albrecht v. Piper, Mo.App., 164 S.W.2d 105, 110; Villmer v. Household Plastics Co., Mo., 250 S.W.2d 964, 970. We consider this a final appealable judgment.

But we are of the opinion that the amount in dispute exceeds fifteen thousand dollars, and that judisdiction is in the Supreme Court. The sum adjudged against V. E. Pinkham on plaintiff's petition is ten thousand dollars, and the total denied to him on his counterclaim for actual and punitive damages is sixty thousand dollars. The total denied to defendant V. V. Pinkham on his counterclaim is sixty thousand dollars. Even if we should consider the question of whether or not plaintiff's claim and V. E. Pinkham's claim are such that they cannot co-exist so as to permit simultaneous recoveries, the same would not necessarily apply to the V. V. Pinkham counterclaim. As to Ladco, if we discount the corporation's appeal from a ten-thousand-dollar judgment (against V. E. Pinkham) in its own favor on the plaintiff's petition, there still remains the amount denied on its counterclaim (or cross-claim?) against Scheid (Count II) of $2,929.15 for wages or salary claimed to have been wrongfully obtained; and (Count III) twenty-five thousand dollars actual damages claimed because of Scheid's alleged misfeasance in "working against" the interests of Ladco— a total of $27,929.15.

We assume that, under the pronouncements made in Wilson v. Tonsing, Mo., 375 S.W.2d 140, and Endermuehle v. Smith, Mo., 372 S.W.2d 464, the "monetary effect" of the judgment appealed from is the aggregate of that denied to, and that taken from, the appealing party. But we think that by any other method of computation (see cases compiled in Washington University Law Quarterly, No. 4, December, 1964, § 9.023(a), p. 662) the result would still be the same. Accordingly, we transfer the case to the Supreme Court.

STONE and HOGAN, JJ., concur.