Louis SKATOFF, Plaintiff-Appellant,

v.

Michael ALFEND, Celia Alfend, Samuel Alfend, National Union Fire Insurance Co., U. S. Fidelity and Guarantee Co., Aetna Casualty and Surety Co., Commercial Union Insurance Co., Home Insurance Co., and Lloyd's of London, Defendants-Respondents.

No. 32123.

St. Louis Court of Appeals.

Missouri.

Jan. 18, 1966.

Newmark & Baris, Irl B. Baris, St. Louis, for plaintiff-appellant.

Morris A. Shenker, R. J. Slater, Jesse E. Bishop, Willson, Cunningham & McClellan, Martin E. Juncker and George E. Lee, St. Louis, for defendants-respondents.

DOERNER, Commissioner.

This action originated in the Circuit Court of St. Louis County as an attempt by Louis Skatoff and Joseph F. Melbourne, two partners of a three-man partnership, to secure an accounting from Michael Alfend, the third partner, in connection with the dissolution of the partnership. However, on the part of Skatoff the suit developed broader ramifications, including a demand by him that the subsequently joined defendants, Celia Alfend and Samuel Alfend, Trustees, be divested of title to certain real estate located in the City of St. Louis. Relying on Section 508.030, RSMo 1959, V.A.M.S., which provides that "Suits * * * whereby the title thereto (to real estate) may be affected, * * * shall be brought in the county where such real estate, or some part thereof, is situated" the court entered an order and judgment sustaining the motions of defendants Celia Alfend and Samuel Alfend, Trustees, for a summary judgment of their dismissal, and of defendant Michael Alfend for dismissal of Skatoff's second amended petition. Skatoff's appeal to this court followed in due course. While neither of

the parties has challenged our jurisdiction, the basis for the trial court's ruling obviously raises a serious question as to whether we may entertain this appeal in view of Article V, § 3 of our Constitution, V.A. M.S. Since a doubt exists it is our duty sua sponte to investigate and determine that matter. Wartenbe, et al. v. Car-Anth Mfg. & Supply Co., Mo., 353 S.W.2d 570; Johnson v. Duensing, Mo., 332 S.W.2d 950.

To that end a brief review of the record and the undisputed facts thereby disclosed is in order. Since 1953 Louis Skatoff, Joseph F. Melbourne, and Michael Alfend were partners, engaged in business in the City of St. Louis and elsewhere under the name of Masco Manufacturing Company. On March 31, 1960 the three executed a written agreement embodying the terms of a dissolution of their partnership. In accordance therewith and on the same day, Skatoff, Melbourne and Alfend, and their respective wives, by warranty deeds conveyed to Michael Alfend two parcels of real estate located in the City of St. Louis. More than a year later, on August 28, 1961, Michael Alfend transferred the title to the same two parcels to Celia Alfend and Samuel Alfend as trustees under a trust indenture of that date. Thereafter Michael Alfend, and Celia Alfend and Samuel Alfend as trustees, caused said real estate to be insured by the six insurance companies whose names appear in the caption, in the total amount of $70,000 on one parcel and $60,000 on the other.

Matters thus stood on May 2, 1962 when Skatoff and Melbourne filed the original petition herein in the Circuit Court of St. Louis County, seeking an accounting from Michael Alfend under the dissolution agreement of March 31, 1960. The original petition clearly stated an action in personam and there can be no doubt regarding that court's jurisdiction to entertain the cause. Michael Alfend answered, denying any breach on his part, and in a counterclaim asserted that Skatoff and Melbourne had

violated the contract and that he was entitled to an accounting from them. That state of the cause prevailed for more than two years, until August 11, 1964, when Skatoff alone filed a first amended petition, joining Celia Alfend, Samuel Alfend, and the six insurance companies as additional party defendants. Besides pleading the dissolution agreement, Michael Alfend's alleged breach thereof and his claim for an accounting, Skatoff in that petition recited the facts regarding the conveyance of the real estate by the three partners and their wives to Michael Alfend, and Michael's subsequent transfer of the same to Celia Alfend and Samuel Alfend as trustees; alleged that on or about June 26, 1964, "the above described parcels of real estate were destroyed or seriously damaged by a fire" (by which we assume was meant the improvements thereon); and pleaded that the six insurance companies had insured the same and that Michael, Celia and Samuel Alfend were negotiating with the companies for a settlement of the loss and were threatening to collect the proceeds of the insurance without recognizing his claim to the same. Skatoff prayed that the court order a dissolution of the partnership and an accounting by Michael Alfend; "that the Court declare null and void the conveyances of the above described real estate from the partners to defendant Michael Alfend, and from defendant Michael Alfend to defendants Celia Alfend and Samuel Alfend"; that a receiver be appointed to take charge of the partnership assets, including the proceeds of the insurance on the real estate; that after an accounting, a distribution be decreed; that Michael, Celia and Samuel Alfend be enjoined from negotiating for the settlement of the fire loss; and that the six insurance companies be ordered to pay the proceeds of the insurance into the registry of the court. Defendants Michael Alfend, and Celia Alfend and Samuel Alfend as trustees, filed separate motions to dismiss Skatoff's first amended petition on the grounds that the court lack-

ed jurisdiction because the real estate, the title to which plaintiff sought to set aside, was located in the City of St. Louis. These motions were sustained.

Plaintiff Skatoff thereafter filed a second amended petition which was substantially the same as the first, except that the word "assets" was substituted in lieu of the words "real estate," and there was included an allegation that the transfer of "assets from Michael Alfend to Celia Alfend and Samuel Alfend, trustees, was a fraudulent transfer, having the effect of hindering, delaying and defrauding plaintiff Skatoff in his rights as a creditor of defendant Michael Alfend. To this second amended petition defendants Celia and Samuel Alfend, as trustees, filed an answer in which they alleged that the only asset conveyed to them by Michael Alfend were the two parcels of real estate, described by metes and bounds; that the court had sustained their motion to dismiss Skatoff's first amended petition because the relief sought involved the title to real estate located in the City of St. Louis, so that the court was without jurisdiction; and ended with the prayer that the second amended petition be dismissed as to them and as to the insurance carriers. They also filed their motion for summary judgment in which they prayed the court to dismiss them and the insurance carriers as party defendants, setting forth therein the conveyances of the described real estate by the partners to Michael Alfend, Michael's subsequent conveyance to them as trustees, and that the only "asset" conveyed to them by Michael was the identical real estate. Their motion to dismiss was supported by the affidavit of Jesse E. Bishop that he was acquainted with all the matters and facts set forth in the motion and that they were true, to the best of his knowledge, information and belief and that he verily believed them to be true. Defendant Michael Alfend filed a motion to dismiss Skatoff's second amended petition on the grounds that the subject matter thereof concerned the title to real

estate located within the City of St. Louis, and not within the jurisdiction of the court. The only opposing affidavit filed on behalf of plaintiff Skatoff was that of his attorney, Irl B. Baris, who stated that Skatoff could not make an affidavit because he was out of town and would not return prior to the time fixed for the hearing on the motion for summary judgment; that he (deponent) had no personal knowledge of the facts, but that Celia and Samuel Alfend were not the legal and equitable owners of the real estate "as a matter of law"; and that Michael Alfend had transferred to them assets other than the real property. Defendant U. S. Fidelity & Guaranty Company filed a separate response, and the other five insurance companies a joint one, in which they alleged that the total loss on the real estate had been agreed to as $84,198.75, and sought by way of a bill of interpleader to be permitted to pay that sum into the registry of the court and to be discharged.

All pending motions, but not the insurance carriers request to interplead, were heard and submitted on October 9, 1964, and on November 17, 1964, the court sustained the motion of defendant Celia and Samuel Alfend, trustees, for summary judgment of dismissal, " * * * for the reason that this Court has no jurisdiction." It also sustained the motion of defendant Michael Alfend to dismiss plaintiff Skatoff's second amended petition, "for the reason that this Court has no jurisdiction"; and it dismissed the answers and bills of interpleader of the defendant insurance companies on the same ground. Plaintiff Skatoff then appealed to this court.

It may be stated parenthetically, that the insurance carriers have filed in this court motions to dismiss the appeal as to them (although plaintiff's notice of appeal did not refer to their part of the court's order and judgment) on the grounds that all matters relating to them have become moot; that state having been attained, it is alleged, in a subsequent suit filed by

plaintiff Skatoff in the Circuit Court of the City of St. Louis in which their bills of interpleader were sustained, the insurance proceeds paid into the registry of the court, and a part thereof, by a stipulation agreed to by plaintiff, paid to various lien holders. Of course, if we lack jurisdiction we may not pass on such motions, so that our first consideration must be directed to that matter.

Essentially, the issue is whether Skatoff's action is one involving "the title to real estate" within the meaning of Article V, § 3 of our Constitution. If so, then we may not entertain this appeal, for by the terms of that section the Supreme Court has exclusive appellate jurisdiction in all such cases. It has been said that in determining the question of its jurisdiction the appellate court may examine the entire record presented for review. Vordick v. Vordick, 281 Mo. 279, 219 S.W. 591.; Johnson v. Duensing, Mo., 332 S.W.2d 950. And that to preserve its constitutional integrity the court may pierce the shell of pleadings, proof, record and judgment sufficiently far to determine that its proper jurisdiction is not infringed upon, or that improper jurisdiction is not foisted upon it by mere sham or colorable issues. Simmons v. Friday, 359 Mo. 812, 224 S.W.2d 90; Vanmordel v. Thompson, Mo., 315 S.W.2d 121. Applying those principles to the instant case it is obvious from the record that as between the plaintiff Skatoff and the defendants Celia Alfend and Samuel Alfend, Trustees, at least the case is one involving the title to real estate. As revealed by his first amended petition, what Skatoff seeks is to divest those defendants of the title to the real estate which he had joined in conveying to Michael Alfend, who in turn had conveyed it them. If his action were sustained the effect, in short, would be to take the title from one litigant and to give it to another. Herriman v. Creason, 352 Mo. 1176, 181 S.W.2d 502, 503. It is true that in his second amended petition plaintiff sought to evade the force of Section 508.030, RSMo 1959, V.A.M.S., by substituting the word "assets" in place of the term "real estate." But in determining our jurisdiction we cannot countenance such a patent subterfuge, particularly in view of the statement of those defendants in their motion for summary judgment of dismissal as to them, supported by an affidavit and not effectively denied by plaintiff, that the only asset transferred by Michael Alfend to them was the two parcels of real estate located in the City of St. Louis. Viewed realistically, the record reveals that as to the defendants Celia Alfend and Samuel Alfend, as Trustees, plaintiff's suit is one to set aside the conveyance of the real estate to them on the alleged grounds that it was made in fraud of plaintiff Skatoff's rights as a creditor of defendant Michael Alfend. In cases of that nature the title to real estate is directly involved, and hence exclusive appellate jurisdiction thereof is in the Supreme Court. Art. V, § 3, Const. Mo.; Balch v. Whitney, Mo., 273 S.W.2d 497; Goodman v. Crader, Mo., 227 S.W.2d 457; Herriman v. Creason, 352 Mo. 1176, 181 S.W.2d 502.

For the reason stated plaintiff's appeal is transferred to the Supreme Court.

PER CURIAM:

The foregoing opinion by DOERNER, C., is adopted as the opinion of this court.

Accordingly, plaintiff's appeal is transferred to the Supreme Court.

WOLFE, P. J., and ANDERSON and RUDDY, JJ., concur.