**Louis SKATOFF, (Plaintiff) Appellant,**

**v.**

**Michael ALFEND, Celia Alfend, Samuel Alfend, National Union Fire Insurance Co., U. S. Fidelity & Guaranty Co., Aetna Casualty & Surety Co., Commercial Union Insurance Co., Home Insurance Co. and Lloyd's of London, (Defendants) Respondents.**

**No. 51985.**

Supreme Court of Missouri,
Division No. 1.

Dec. 30, 1966.

Motion for Rehearing or to Remand Denied
Feb. 13, 1967.

Newmark & Baris, Irl B. Baris, St. Louis, for appellant Louis Skatoff.

Morris A. Shenker, R. J. Slater, St. Louis, for respondent Michael Alfend.

Jesse E. Bishop, St. Louis, for respondents Celia Alfend and Samuel Alfend.

WELBORN, Commissioner.

"This action originated in the Circuit Court of St. Louis County as an attempt by Louis Skatoff and Joseph F. Melbourne, two partners of a three-man partnership, to secure an accounting from Michael Alfend, the third partner, in connection with the dissolution of the partnership. However, on the part of Skatoff the suit developed broader ramifications, including a demand by him that the subsequently joined defendants, Celia Alfend and Samuel Alfend, Trustees, be divested of title to certain real estate located in the City of St. Louis. Relying on Section 508.030, RSMo 1959, V.A.M.S., which provides that 'Suits * * * whereby the title thereto (to real estate) may be affected, * * * shall be brought in the county where such real estate, or some part thereof, is situated' the court entered an order and judgment sustaining the motions of defendants Celia Alfend and Samuel Alfend, Trustees, for a summary judgment of their dismissal, and of defendant Michael Alfend for dismissal of Skat-

off's second amended petition. Skatoff's appeal to this court [the St. Louis Court of Appeals] followed in due course." Skatoff v. Alfend, et al., Mo.App., 398 S.W.2d 461.

The St. Louis Court of Appeals concluded that the action directly involved title to real estate and that, under § 3 of Art. V, Const. of Mo., 1945, V.A.M.S., exclusive jurisdiction of the appeal lay in this court. 398 S.W.2d 464. The appeal was accordingly transferred here.

Inasmuch as the details of the course of the litigation are set out in the opinion of the Court of Appeals, we will confine our statement to the matters which we consider here pertinent. The action began in the St. Louis County Circuit Court as one for an accounting in connection with the dissolution of a partnership. By his first amended petition, plaintiff Skatoff sought, in addition to the accounting, to set aside transfers of real estate by defendant and former partner Michael Alfend to added defendants Celia Alfend and Samuel Alfend. Upon a showing in the defendant's return to an order to show cause that the real estate involved was situated in the City of St. Louis, the St. Louis County Circuit Court dismissed the first amended petition on the grounds that, under § 508.030, RSMo 1959, V.A.M.S., exclusive venue of the action lay in the St. Louis Circuit Court.

Skatoff filed a second amended petition. It differed from the first amended petition in that, in what the Court of Appeals described as "a patent subterfuge" (398 S.W. 2d 464), all references to real estate were eliminated and the word "assets" substituted therefor. The petition also alleged that the "transfers of assets * * * were fraudulent transfers, having the effect of hindering, delaying and defrauding plaintiff Skatoff in his rights as a creditor of defendant Michael Alfend." Upon the showing by affidavit in support of defendants' motion for summary judgment that the "assets" referred to in the second amended petition were the real estate described in the first,

the trial court again dismissed plaintiff's petition.

■ The Court of Appeals, concluding that the second amended petition also sought to set aside a fraudulent conveyance of real estate, held, on the authority of Balch v. Whitney, Mo.Sup., 273 S.W.2d 497, Goodman v. Crader, Mo.Sup., 227 S.W.2d 457, and Herriman v. Creason, 352 Mo. 1176, 181 S.W.2d 502, that the appeal directly involved title to real estate and transferred the cause here. We agree with the reasoning and conclusion of the Court of Appeals.

The appellant's position, as stated in his brief in the St. Louis Court of Appeals, appellant having filed no new brief in this court and not having argued the appeal here, is that his "request to the court concerning the real estate and other assets was only incidental to the primary relief of the dissolution and accounting." He contends that, since the St. Louis County Circuit Court's jurisdiction of the dissolution and accounting was not questioned, it had the incidental jurisdiction to conserve the partnership assets pending dissolution. However, the basis of this contention is not supported by plaintiff's petition. He does allege that the real estate in question had formerly been the property of the partnership. However, the petition alleges that it was transferred to defendant Michael Alfend pursuant to the dissolution agreement and the petition attacks the subsequent transfer by Alfend not on the grounds of its being a fraud upon the right of the partners, but as fraudulent upon plaintiff's rights as a *creditor* of Alfend, presumably under the dissolution agreement.

■ The joining of the action to set aside the fraudulent conveyance with the action for accounting and partnership dissolution does not permit the plaintiff to avoid the mandatory effect of § 508.030, RSMo 1959, V.A.M.S., as to the place of *bringing* an action affecting title to real estate. See Howell v. Reynolds, Mo.Sup., 249 S.W.2d 381, 384; American Surety Co. of New York v. Edwards & Bradford Lumber Co., D.C., 57 F.Supp. 18, 25–26 [9–14]; Buck v. Lockwood, 193 Mich. 242, 159 N.W. 509, 514 [10, 11].

The appellant also suggests that the trial court should not have disposed of this matter upon the defendants' motion for summary judgment. Although the defendants' pleading was so entitled the grounds stated were authorized to be raised by a motion to dismiss under Civil Rule 55.31, V.A.M.R., and the motion was adequate to support such action.

■■ Therefore, insofar as the petition sought to set aside the conveyance, the trial court's dismissal was correct. However, the improper venue for that relief did not render improper the venue for the relief originally sought of accounting and dissolution. The St. Louis County Circuit Court had jurisdiction insofar as such relief was sought. The claim to set aside the fraudulent conveyance was a separate and severable action. See Civil Rule 55.08, V.A.M.R. Therefore, the plaintiff's claim against defendant Michael Alfend for the relief originally sought should not have been dismissed.

The insurance companies appearing in the caption, supra, were joined as parties defendant in the first and second amended petitions. The second amended petition alleged that the companies had insured the "assets" transferred by Michael to Celia and Samuel Alfend and that part of such "assets" were destroyed by fire. It sought to compel the insurers to pay the amount of their liability into the registry of the court. In sustaining the individual defendants' motions, the trial court also dismissed the insurers' answers and counterclaims by which they sought to interplead the sums owed under their policies.

■ Following plaintiff's appeal, the insurers moved to dismiss the appeal as to them on the grounds that Skatoff had subsequently filed a petition in the St. Louis Circuit Court seeking the same relief against them, that their bills of interpleader

were sustained in that action and that they had thereupon paid the insurance proceeds into the registry of the St. Louis Circuit Court pursuant to a stipulation assented to by the appellant here. The appellant has not contradicted the allegations of the motion. In these circumstances, the matters urged in this case against the insurance companies have become moot and the appeal should be dismissed as to them. Personal Finance Co. of Missouri v. Day, 349 Mo. 1139, 164 S.W.2d 273.

■ The respondents, Celia and Michael Alfend, have also moved to dismiss the appeal as to them, based upon the action above referred to in the St. Louis Circuit Court in which they are parties defendant and which seeks, in addition to the relief sought against the insurance companies, to set aside the conveyances to them. They contend that, since plaintiff has sought in that action the same relief sought in the St. Louis County action, the issues on the appeal have become moot. However, there is no allegation that any relief has been granted in the City action. The issues on the appeal would not have been rendered moot by the mere filing of the action in the St. Louis Circuit Court. The motion of Celia and Michael Alfend to dismiss the appeal is overruled.

The plaintiff's appeal is dismissed as to the respondent insurance companies. The judgment of the trial court dismissing plaintiff's second amended petition as to respondents Celia and Samuel Alfend is affirmed. The judgment of the trial court dismissing appellant's second amended petition as to respondent Michael Alfend is set aside and the cause remanded with direction to reinstate the second amended petition as to that respondent.

HOUSER and HIGGINS, CC., concur.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

All of the Judges concur.

## ON MOTION FOR REHEARING OR TO REMAND

PER CURIAM:

On his motion for rehearing, or, in the alternative, to remand the cause to the trial court with additional directions for further proceedings, appellant suggests that our dismissal of the appeal as to the insurance companies was erroneous because he did not appeal as to them. In his brief, appellant asserted that the St. Louis County Circuit Court erroneously dismissed the insurers' answers and counterclaims, thereby seeking relief on appeal which would have affected the insurance companies. The companies apparently considered themselves involved in the appellant's appeal because they filed motions to dismiss the appeal as to them, motions to which appellant offered no objection.

However, appellant's suggestion that there was no final judgment against the insurance companies in the St. Louis County Circuit Court gives us some concern. If such were the fact, the appeal would be premature. § 512.020, RSMo 1959, V.A. M.S.

■ The judgment of the circuit court did not specifically dismiss appellant's petition as to the insurance companies. However, the relief sought against them was merely ancillary to that sought in connection with the allegedly fraudulent transfer of the insured property. The dismissal for lack of jurisdiction of the claim based upon the allegedly fraudulent transfer in effect operated as a dismissal of the claim against the insurance companies and the judgment was final. The rule applicable is stated in Scheid v. Pinkham, Mo.App., 394 S.W.2d 570, 572 [1, 2], as follows: "[I]f the finding and judgment on the other issues in the case 'necessarily excludes and effectively disposes of' the issue which is not specifically adjudged, then the judgment is final and appealable." See also Capitol Stores, Inc. v. Storms-Green Constr. Co., Mo.App., 346 S.W.2d 549, 554–555 [3, 4];

J. G. Jackson Associates, Inc. v. Mosley, Mo.App., 308 S.W.2d 774, 776 [1, 2].

Furthermore, we cannot ignore the fact that, in the City of St. Louis case, to which our opinion referred, as shown by both the motion of the insurance companies to dismiss this appeal and by the transcript on appeal in that case, now on file in this court, the insurance companies, in an action by the appellant here and pursuant to a stipulation to which appellant was a party, did pay the amount of their liability into the Circuit Court for the City of St. Louis.

We find no merit in the other points in the motion for rehearing or to remand and it is overruled.