NATIONAL AUTOMOBILE & CASUALTY INSURANCE CO., a corp., Plaintiff-Appellant,

v.

NATIONAL INDEMNITY CORPORATION, E. Sterling Martin and Hattie Martin, John Oliver, Oliver Trucks, Inc., and Ralph Howd, Defendants-Respondents.

No. 40421.

Missouri Court of Appeals, Eastern District, Division One.

Oct. 23, 1979.

Jerome W. Seigfreid, Louis J. Leonatti, Mexico, for plaintiff-appellant.

Gary A. Tatlow, Moberly, J. David Collins, Macon, for defendants-respondents.

SMITH, Judge.

Plaintiff appeals from an order of the trial court quashing service of process on

National Indemnity Corporation and dismissing its cause of action as to John Oliver, Oliver Trucks, Inc., and Ralph Howd.

Defendants E. Sterling Martin and Hattie D. Martin (the Martins) filed a separate suit against defendants John Oliver, Oliver Trucks (the Oliver defendants) and Ralph Howd for damages sustained by them as a result of an accident involving a truck owned by the Oliver defendants and operated by their servant Howd.

Plaintiff in the case at bar alleged that it had issued a policy of automobile insurance to John Oliver and Oliver Concrete Company and that defendant National Indemnity Company had issued a policy of automobile insurance to the Oliver defendants. Each policy contained an "other insurance" clause limiting liability to a pro rata share of the loss based upon the total applicable limits of liability. The petition also alleged a demand by plaintiff upon defendant National Indemnity to defend the Martin suit and a refusal by that defendant to do so.

Plaintiff prayed for declaratory relief determining the respective obligations of the two insurance companies and for an injunction to prevent prosecution of the Martin suit until decision in the case at bar. The Martins, the Oliver defendants and Howd were all joined as parties defendant with National Indemnity.

The Martins filed a motion to dissolve the "injunction prayed for" and an answer. The Court granted the motion to dissolve although no injunction had been issued. The Oliver defendants and Howd filed a motion to dismiss on the basis "that there is no justiciable controversy sufficient to invoke the Court's power to grant a declaratory judgment." This motion was granted by the trial court without explanation. National Indemnity entered a special appearance and moved only to quash service of process on the basis that the statute authorizing the method of service attempted had been repealed and, even if it had not been, the statute was inapplicable. This motion was also granted. All motions were ruled on in the same document. Plaintiff appealed and now challenges the trial court's action as to the Oliver and Howd motions to dismiss and the National Indemnity motion to quash.

We first must deal with the Martins' motion to dismiss the appeal as premature, a matter we would examine *sua sponte* had it not been raised by a party. An order quashing service of process is not a final, appealable order. *E. H. Fischer, Inc. v. National Industrial Chemical Co.,* 526 S.W.2d 403 (Mo.App.1975) [1]. *National Indemnity* is still a party to the law suit pending in Circuit Court, albeit an unserved one. No order of the court has dismissed the Martins; they are still parties to the suit. The orders of the trial court did not indicate that the motion to dismiss covered any defendant except those filing it. Ordinarily for a judgment to be final it must dispose of all issues and all parties. *Spires v. Edgar,* 513 S.W.2d 372 (Mo. banc 1974) [2].

Plaintiff, relying upon *Skatoff v. Alfend,* 411 S.W.2d 169 (Mo.1966), contends that the trial court's order had the effect of disposing of all issues and all parties and was therefore appealable. The cases in Missouri have stringently applied the "issues and parties" requirement. *Cooper v. Barr,* 413 S.W.2d 219 (Mo.1967); *Thomas v. Orrick Special School Dist.,* 246 S.W.2d 523 (Mo. App.1952); *Beezley v. National Life and Accident Ins. Co.,* 464 S.W.2d 535 (Mo.App. 1971); *Wile v. Donovan,* 514 S.W.2d 177 (Mo.App.1974). *Skatoff* does, however, present a situation in which the court found that the relief sought against the non-dismissed defendants was purely ancillary to the relief sought against the dismissed defendant. In such a circumstance it was held that the dismissal of the main defendant necessarily operated to settle all questions and issues between all the parties and the judgment was appealable. *See also, J. G. Jackson Associates v. Mosley,* 308 S.W.2d 774 (Mo.App.1958) [1, 2]; *Capitol Stores, Inc. v. Storms-Green Construction Co.,* 346 S.W.2d 549 (Mo.App.1961) [3, 4]; *Scheid v. Pinkham,* 394 S.W.2d 570 (Mo.App.1965) [1, 2]. In *Skatoff, supra,* the remaining defendants had only an ancillary liability de-

pendent solely upon the existence of a cause of action against the dismissed defendant. That is not the case here. The real dispute in plaintiff's cause of action is between the two insurance companies, both of which are still parties to the suit.

Although the case at bar is distinguishable from *Skatoff*, the question still remains whether the order of the trial court dismissing as to the Olivers and Howd was necessarily decisive of all issues presented by plaintiff's cause of action.

The following was stated in *Hanover Fire Ins. Co. v. Commercial Standard Ins. Co.*, 215 S.W.2d 444 (Mo.1948) [2]:

"The record shows that the motion to dismiss . . . presented only the issue as to whether plaintiff's first amended petition stated any claim against the particular defendant filing the motion to dismiss. Only that issue was ruled by the court in sustaining the motion of the particular defendant to dismiss the cause. Such a dismissal did not affect the cause as to the other defendant, who had previously filed an answer. As to such defendant the cause was at issue and was pending and undisposed of. Accordingly, the appeal by plaintiff-appellant was premature and must be dismissed as there was no final appealable judgment in the cause, when the appeal was taken."

Our interpretation of that language is that if the record indicates that the motion to dismiss reaches the entire cause of action and the dismissal was intended to apply to the entire suit the action of the trial court is appealable. If on the other hand, the dismissal is directed only to a given defendant or defendants, but not to the entire cause of action, the trial court's order is not appealable. Normally the court's intention is clear from the record. Here it is not.

The question then is whether the order of the trial court sustaining the Oliver and Howd motions disposed of the entire case or whether it applied only to the parties filing the motions. On the face of the order entered it served only to grant the motions of the moving defendants and did not purport to dispose of the Martins or National Indemnity. The ground raised in those motions, however, could be considered to be one reaching to the entire cause of action and the trial court made no indication whether it so considered the motion or not. The motions themselves were directed to the court's power to grant a declaratory judgment and not specifically to plaintiff's allegations concerning the moving defendants.

Our review of the petition leads us to conclude that the trial court may have considered the "justiciable controversy" contention applicable to the Oliver and Howd defendants but not necessarily applicable to National Indemnity. We emphasize that our discussion and finding is not to be considered a holding on whether the action of the trial court in dismissing the Oliver and Howd defendants was correct or incorrect. We deal only with whether the pleadings may have led the trial court to accord a different legal treatment to the various groups of defendants, not whether that treatment was correct.

The allegations of the petition insofar as the Oliver defendants and Howd are concerned do not indicate the existence of any dispute between them and plaintiff. Most notable there is no allegation that plaintiff has been requested to defend the Martin action or that it has refused to do so, either conditionally or absolutely. On the other hand there is a direct allegation that plaintiff has requested National Indemnity to assume the defense and that that company has refused to do so. In this regard the allegations of the petition treat these two groups of defendants in different ways. It is possible that this difference in treatment may have led the trial court to a conclusion that no actual controversy existed between plaintiff and the dismissed defendants but that one did exist between the insurance companies. At any rate, we cannot with certainty conclude that the decision concerning the Oliver and Howd motions was a determination that no justiciable controversy existed as to the other defendants or the remainder of plaintiff's cause of action.

The orders of the trial court did not dispose of all parties and issues before it and those orders are not appealable. *Hanover Fire Ins. Co., supra; Allstate Insurance Co. v. Northwestern National Ins. Co.,* 539 S.W.2d 118 (Mo.App.1976).

Plaintiffs contend that the dismissed parties are indispensable parties and that the dismissal as to them serves to effectively terminate the litigation. We need not reach the question of the indispensability or necessity of those parties. The order of the court dismissing them is interlocutory and subject to reexamination during the pendency of the litigation, and there are both writ possibilities and right of appeal after final judgment to test the correctness of the trial court's ruling. The dismissal of an indispensable party, even if proper, does not, without more, terminate the litigation. Some further action is required. Rule 52.-04(b).

Appeal dismissed as premature.

DOWD, P. J., and SATZ, J., concur.