**S.J. IRON & STEEL CORP., Appellant,**

v.

**Edwin S. GIBSON, Jr., James V. Murphy, Charles Adams and Madison Metal Services, Inc., Respondents.**

No. 49444.

Missouri Court of Appeals,
Eastern District,
Division Three.

July 16, 1985.

Selner, Galser & Komen, Leonard Komen, St. Louis, for appellant.

Erbs and Erbs, Louis A. Vlasaty, St. Louis, for respondents.

CLEMENS, Senior Judge. ·

The primary issue here is whether the circuit court's challenged order is appealable. The order did not dispose of all defendants; it did not declare it was to be final for purpose of appeal. Therefore the order was not appealable.

Plaintiff alleged it had originally deposited its goods with the Madison Metal Services, Inc. Thereafter that corporation's charter was forfeited. Plaintiff then sued the three individual defendants in their capacity as corporate directors, contending they had wrongfully diverted plaintiff's goods to a third party. With this action still pending, the state rescinded its forfeiture and reinstated the corporation's charter. Plaintiff then amended its petition by adding the corporation as a defendant.

The original defendant directors then moved for their dismissal and the trial court sustained their motion. Plaintiff now seeks to appeal from that order.

By Rule 74 V.A.M.R. an appealable judgment is one which finally disposes of the rights of all parties to the action.

To avoid piecemeal presentation of cases on appeal the challenged judgment "must dispose of all parties and all issues in the case and leave nothing for future determination." *State v. Mahon*, 350 S.W.2d 111[6–13] (Mo.App.1961).

See also *National Auto. & Cas. Ins. Co. v. Nat. Indem. Corp.*, 589 S.W.2d 649[4] (Mo.App.1979), holding a dismissal as to less than all the parties is not appealable. And, see host of such cases annotated at V.A.M.R. 74.01, Note 12.

Appeal dismissed and cause remanded.

DOWD, P.J., and CRIST, J., concur.