Jeremiah W. (Jay) NIXON, Attorney General, Appellant,

v.

WENTZVILLE PARK ASSOCIATES, L.P., Wentzville Park Management, Co., Inc., Thomas Daake, and Adele Daake, Respondents.

No. ED 80238.

Missouri Court of Appeals,
Eastern District,
Division One.

April 30, 2002.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 5, 2002.

Jeremiah W. (Jay) Nixon, Atty. Gen., Erwin O. Switzer, III, Asst. Atty. Gen., St. Louis, MO, for appellant.

Terrence J. O'Toole, St. Louis, MO, for respondents.

ROBERT G. DOWD, JR., Judge.

The Attorney General Jeremiah W. (Jay) Nixon, appeals from the judgment of

the circuit court dismissing the Attorney General's petition for injunctive relief against Defendants, Wentzville Park Associates, L.P., Wentzville Park Management Co., Inc., Thomas Daake, and Adele Daake.[1] Because we find the Attorney General sufficiently pleaded a cause of action under Section 198.067.1, RSMo 2000,[2] we reverse and remand.

The facts surrounding this appeal involve the strangulation death of an eighty-six year old resident at Defendants' nursing home, the Wentzville Park Care Center. The resident strangled on a "Posey restraint," which is a cloth device designed to physically restrain a person and prevent that person from being able to exit her bed. Missouri law prohibits the use of physical restraints on nursing home residents except in limited circumstances such as an emergency or a physician's authorization. Section 198.088.1(6)(g). The Attorney General filed a petition against Defendants[3] seeking an injunction pursuant to Section 198.067.1. In his petition, the Attorney General alleged Defendants failed to ensure that employees were aware of and trained on the facility's policy on restraints, the facility was understaffed, and Defendants failed to properly supervise the employees.

Thereafter, Defendants Wentzville Park Associates, L.P. and Wentzville Park Management Co., Inc. filed a motion to dismiss for failure to state a cause of action upon which relief could be granted. The Defendants' motion asserted that after the filing of the Attorney General's petition, the Division of Aging determined that the previously found deficiencies had been corrected and the facility had returned to "substantial compliance." The trial court entered its judgment granting Defendants' motion to dismiss and the Attorney General now appeals.

■ At the outset, we note two of the four Defendants did not join in the motion to dismiss or file a separate motion to dismiss and the trial court did not certify the judgment pursuant to Rule 74.01(b). However, this court maintains jurisdiction over the appeal because the record indicates the trial court's dismissal was intended to apply to the entire suit and is, therefore, appealable. *National Auto. & Cas. Ins. Co. v. National Indem. Corp.*, 589 S.W.2d 649, 651 (Mo.App. E.D.1979).

■ We further note that we review the trial court's judgment as the granting of a motion to dismiss and not summary judgment. Although matters outside the pleadings were presented to the trial court, the trial court did not give proper notice that it would treat the motion as one for summary judgment. Rule 55.27(a); *Turner Engineering, Inc. v. 149/155 Weldon Parkway, L.L.C.*, 40 S.W.3d 406, 408 (Mo.App. E.D.2001).[4] As such, we review

---

1. Wentzville Park Associates, L.P. is the owner and operator of the Wentzville Park Care Center. Wentzville Park Management Co., Inc is an owner and general partner of Wentzville Park Associates, L.P. Thomas Daake is the president and an owner of Wentzville Park Management Co., Inc. and Adele Daake is the vice-president and an owner of Wentzville Park Management Co., Inc.

2. All further statutory references are to RSMo 2000 unless otherwise indicated.

3. The Attorney General also filed its suit against Mary Saputo–Bolding, the administrator of the Wentzville Park Care Center on the date of the incident. However, Mary Saputo–Bolding was dismissed with prejudice from the case and is not part of this appeal.

4. Although the trial court's dismissal was without prejudice, the dismissal has the practical effect of terminating the action in the form cast and is, therefore, appealable. *L.C. Development Co., Inc. v. Lincoln County*, 26 S.W.3d 336, 338–39 (Mo.App. E.D.2000).

the trial court's dismissal of a petition and look solely to the adequacy of the plaintiff's petition and whether the facts pleaded and the inferences therefrom state any ground for relief. *Manzer v. Sanchez*, 29 S.W.3d 380, 383 (Mo.App.E.D.2000). Further, we treat all facts alleged as true and construe allegations liberally and favorably to the plaintiff. *Id.*

█ Based upon the standard of review, we find the Attorney General has sufficiently pleaded a cause of action under Section 198.067.1. Pursuant to Section 198.067.1, the Attorney General may bring an action for injunctive relief under certain circumstances. Section 198.067.1 provides:

> An action may be brought by the department, or by the attorney general on his or her own volition or at the request of the department or any other appropriate state agency, to temporarily or permanently enjoin or restrain any violation of sections 198.003 to 198.096, to enjoin the acceptance of new residents until substantial compliance with sections 198.003 to 198.096 is achieved, or to enjoin any specific actions or practice of the facility. Any action brought pursuant to the provisions of this section shall be placed at the head of the docket by the court, and the court shall hold a hearing on any action brought pursuant to the provisions of this section no less then fifteen days after the filing of the action.

Here, the Attorney General pleaded a specific violation of Section 198.088.1(6)(g), regarding chemical and physical restraints. The Attorney General pleaded the death of a nursing home resident that was caused by strangulation on a Posey restraint. The Attorney General further pleaded there was no emergency or a physician's authorization for the use of a restraint on the resident as required by Section 198.088.1(6)(g). Accordingly, we find the Attorney General's petition sufficiently states a cause of action under Section 198.067.1. Thus, the trial court erred in granting Defendants' motion to dismiss.

Furthermore, because we cannot consider materials outside the pleadings when reviewing Defendants' motion to dismiss, we decline to address the application of *State Dept. of Social Services, Div. of Aging v. Carroll Care Centers, Inc.*, 11 S.W.3d 844 (Mo.App.2000)(finding the term "violation" as a continued breach after a reinspection applied to all claims brought under Section 198.067.3). To consider the issue of whether the deficiency complained of here has been corrected and whether the Attorney General is required to make a reinspection would require us to examine materials outside the record. We leave such discussion for another day.

We conclude the trial court improperly granted Defendants' motion to dismiss and, therefore, the judgment of the trial court is reversed and the cause is remanded for further proceedings.

CRANDALL, P.J., and MARY R. RUSSELL, J., concur.